WILLIAM F. D'WOLF *et al.*, Appellants, *v.* ALBERT HAYDN, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Under a deed containing the words "grant, bargain and sell," an after acquired title of the grantor, enures to the benefit of the grantee.

Where a release of a mortgage is shown to be a forgery, purchasers can derive no benefit therefrom.

The right of redemption from judicial sales is a statutory right, and no decree of a court can take it away.

THIS is a cause in chancery, upon a bill exhibited by the appellee against Cyrus Adams, the appellants and others, to foreclose a mortgage. This instrument contained the words, "grant, bargain and sell."

The bill sets forth an indebtedness to complainant by the defendant Adams, and the execution by Adams to the complainant of a mortgage upon certain real estate, situate in Cook county, to secure such indebtedness, the whole of which, and some interest thereon, is alleged to be still due; mortgage is dated March 12th, 1855.

Alleges that there is on record in the recorder's office of said Cook county, a release and satisfaction of such mortgage, dated October 31st, 1855, (a copy of which is given,) which, it is charged, is a forgery, and that the complainant has never released or satisfied such mortgage; and prays for a foreclosure and sale of the premises in usual form.

The appellants and others are made defendants in the bill, as claiming an interest in mortgaged premises ; which interests, it is alleged, are subsequent to complainant's mortgage, and subject thereto.

Two of the defendants thereto—D'Wolf and Eddy—make answer to said bill of complaint, denying all knowledge or information as to the indebtedness of their co-defendant, Adams, to the said complainant, or of the execution of the alleged mortgage, and requiring of the complainant strict proof thereof of its being genuine, and of the consideration that induced it; they ad-

mit the record of the release of complainant's mortgage, set forth in the bill as appearing upon the records of Cook county, and insist upon it as a full and complete bar to all the relief prayed in the bill ; they deny that the release is a forgery, and insist that it is the act and deed of the complainant; also, whether it is so or not, they insist that this being upon the records without objection from the complainant, and without his having given any notice of the alleged forgery until after the respondents' right and interests in the mortgaged premises had been acquired by them, the complainant was in equity estopped from alleging the same to be a forgery, and that the complainant was bound by such release to its full extent and purport.

The respondent D'Wolf, then admitting the allegation in the complainant's bill, that he has title and interest in and to the mortgaged premises, sets forth such title and interest to be in him, as trustee for Quimby & Maclay, who, on the second day of November, 1855, loaned to his co-defendant, Cyrus Adams, twenty-six hundred (2600) dollars, and to secure the same, said Adams, on that day, executed, acknowledged and delivered to this respondent, a deed of trust of the same premises, as are described in complainant's mortgage, which deed of trust is duly recorded, and referred to ; and that in pursuance of the conditions of such deed, the respondent had sold the premises to Lawrence & Sargent, who are, it is insisted, necessary parties to this action.

The respondent Eddy, admits that he has a claim and interest in the mortgaged premises, obtained in good faith and for a valuable consideration, without notice of the mortgage of the complainant, as set forth in his bill of complaint; and that such claim and interest were, by virtue of a mortgage to him executed by his co-defendant Adams, to secure a loan of $1,500, made upon May 8th, 1855; which mortgage is duly acknowledged, recorded and referred to in the answer.

These respondents in their answer further allege, that their respective claims and demands against their co-defendant Adams, are due and unpaid.

And that at the time of the making, to the said complainant by their co-defendant Adams, of the mortgage mentioned in the said complainant's bill, the said Adams had no title to the lands and premises therein described, and that the said Adams acquired title thereto afterwards, and that the aforesaid mortgage does not purport to convey an estate "in fee simple, absolute," nor does the same contain any covenants of warranty; wherefore they say, no estate or title ever passed from the said Cyrus Adams to the said complainant, by or in consequence of the said mortgage, and they insist upon these facts as a bar

to the relief prayed, as against them, and claim the same benefit and advantage therefrom as if the same were specially pleaded.

Defendant Adams was brought into court by notice of publication, and the bill of complaint was taken as confessed against him.

Complainant filed replication to the answers of D'Wolf and Eddy.

On the hearing, complainant read several depositions, showing that he was not in Cook county on the day when the release mentioned purports to have been acknowledged in that county. Also, the deposition of Nathan Allen, to the purport and effect that witness did not recollect taking the acknowledgment of complainant, to the aforementioned release of mortgage.

The testimony of Edward I. Tinkham was given, notwithstanding the objections made by defendants' solicitor to each and every interrogatory propounded by complainant's solicitor to the witness, to the effect, that on January 1st, A. D. 1853, witness sold to Cyrus Adams the lands and premises described in mortgage, as appears by the contract between the parties, and received pay as follows: January 1st, 1853, $368.31; January 3rd, 1854, $350; January 18th, 1855, 331.25. The balance was paid before the delivery of the deed.

On interrogatory by defendants' solicitor, witness says this deed was not delivered until October 31st, 1855. Numerous objections were taken to the admissibility of evidence, which fully appears upon the record.

Complainant's note against the defendant Adams was read, notwithstanding the objections of defendants.

Mortgage from Cyrus Adams to complainant was read, notwithstanding the objections of defendants.

Parties stipulated that the trust deed from defendant Adams to defendant D'Wolf, and the mortgage from said Adams to defendant Eddy, were executed, acknowledged and recorded at certain dates therein mentioned, which are the dates alleged respecting these transactions in the answer; that is, before the delivery of the deed from Tinkham to defendant Adams; from and by which alone Adams acquired a title to the lands and premises in controversy.

After which, the court rendered a decree against all the defendants, including Lawrence & Sargent, declaring the release mentioned in the complainant's bill to have been forged, and that the same be null and void, and that the aforementioned record thereof be canceled; that the mortgage be confirmed; that the mortgaged premises be sold under the order and direction of one of the masters in chancery, to pay the sum of $2,730, found due to the complainant, upon such mortgage debt; that the master execute a deed to the purchaser or pur-

chasers of the said mortgaged premises on said sale, and from the proceeds thereof, pay to the said complainant his costs in this suit, and the principal sum as aforesaid found due him upon the aforesaid mortgage debt, and interest thereon; that after such sale, the defendants and all persons claiming or to claim by, from, through or under them, be forever barred and foreclosed of and from all equity of redemption and claim of, in and to the said mortgaged premises; that the purchaser or purchasers at such sale be let into possession thereof, and that the defendants deliver to such purchasers the possession.

Thereupon defendants prayed an appeal, which was allowed upon filing a bond as therein directed.

The points made by the appellants are, that the decree in this case is erroneous, for the reasons that—

The proofs of the alleged forgery of the release, set forth in the bill of complaint, are insufficient to establish the charge.

The court should not have admitted the testimony of Tinkham, and his contract with defendant Adams, in regard to the purchase by Adams of the lands and premises in controversy, from the witness.

If the release of the mortgage was fully proved to have been forged, the complainant against whom the forgery was committed, and not the defendants, who are purchasers of the property for a valuable consideration without notice thereof, should suffer the injury arising therefrom.

As the mortgage from defendant Adams to complainant was a mere quit-claim deed, not purporting to convey an estate in fee simple, absolute, nor containing any covenants, and as at the time of its execution Adams had no title to the lands and premises mentioned therein, his subsequently acquired title did not enure for the benefit of the complainant, but passed to the defendant D'Wolf, for the use of Quimby & Low, by the said Adams' deed of trust, and the reversion to the defendant Eddy by the said Adams' mortgage.

The decree, by ordering the lands to be sold and conveyed by the master without redemption, and immediate possession thereafter to be given to the purchaser at such sale; also, in barring the defendants from all redemption from and after such sale, is repugnant to the provisions of the statutes of this State, allowing redemption on judicial sales.

That if any interest in the land mentioned, passed by the mortgage from defendant Adams to complainant, all that could thus pass, in any view of the case, was the interest Adams had then paid for, to wit, three-fourths thereof—as the testimony of Tinkham shows that, at the time of such mortgage, Adams had only paid three-fourths of the contract price.

J. W. Chickering, for Appellants.

W. D. Barry, for Appellee.

Breese, J.   We are satisfied the release and· satisfaction entered of record, of the mortgage dated the 31st October, 1855, is a forgery.   The proof is full to this point.

The conveyance by Adams to the complainant contains the words, " grant, bargain, and sell," which are adjudged by our statute to be an express covenant to the grantee, that the grantor was seized of an indefeasible estate in fee simple, free from incumbrances done or suffered from the grantor, and also for quiet enjoyment against the grantor, his heirs and assigns. (Scates' Comp. 961.)

The after acquired title of Adams enured, under this deed, to the complainant, by force of these covenants.

It is immaterial whether the defendants knew the release was a forgery, or not; they can derive no advantage from it, if it is shown to be a forgery.

Upon the remaining point, the court erred in not giving time for redemption after sale, as the statute provides.   This right of redemption is secured by statute, and no decree of a court can take it away.   (Scates' Comp. 977.)   We can amend the decree here, which we do, by directing a redemption of the premises, in pursuance of the statute.   The decree of the court below will be affirmed, with this modification.

*Decree modified and affirmed.*