## GEORGE W. KING
### *v.*
## THE ADMINISTRATRIX OF GEORGE W. GILSON, DEC'D.

1. SUBSEQUENTLY ACQUIRED TITLE — *when it inures to a former grantee.* Where a party executes a conveyance for land, to which he has no title, the deed containing the operative words, "grant, bargain and sell," a title subsequently acquired by him will inure to his grantee, although there be no covenant of general warranty expressed in such deed. The words "grant, bargain, sell," of themselves, under the statute, import a sufficient warranty to give effect to the rule.

2. And this rule obtains whether such prior grantee have seizin in fact, of the premises, or not.

3. And such will also be the effect, even though the grantor acquires the title subsequent to the commencement of a suit by the grantee to recover damages for a breach of the covenants of seizin and of good right to convey contained in his deed, if acquired prior to the assessment of damages in such action.

4. Nor will the operation of the rule be affected because the deed by means of which the grantor thus acquires title, was not recorded, or was improperly withheld, or was lost or destroyed. When the land is conveyed to the grantor, the title vests in his prior grantee, and remains in him, whatever may become of the deed.

King *v.* Gilson's Adm'x.

5. RECORDING OF DEEDS — *its effect.* The recording of a deed is not essential to give it effect in passing the title. That only secures the title from being defeated by a subsequent sale of the land to an innocent purchaser.

6. WITHHOLDING OF DEEDS — *remedy.* Should a deed be withheld from the person in whom the title to the land thereby conveyed is vested, he could, no doubt, recover it by an action of replevin or detinue.

7. DEEDS LOST, OR DESTROYED — *remedy in chancery.* If a deed should be lost or destroyed, a court of equity would relieve against its loss, by compelling the execution of another deed.

8. PARTIES PLAINTIFF — *who may sue for breach of covenant of seizin, or of good right to convey.* *Semble* the personal representatives of ʾa grantee by deed may sue for the recovery of damages for a breach of the covenants of seizin and of good right to convey, contained in such deed.

9. COVENANTS OF SEIZIN AND RIGHT TO CONVEY — *when they become broken.* The covenants of seizin and of good right to convey, are broken, if at all, when the deed is delivered. They are personal covenants, not running with the land, and are *in presenti.* If the grantor is not well seized, or if he has not the power to convey, at the time of the delivery of the deed, an action at once accrues, and a recovery may be had.

10. MEASURE OF DAMAGES — *for breach of those covenants.* In an action for a breach of the covenants of seizin and of good right to convey, the grantor not having yet acquired title to the premises, and the grantee being out of possession, the measure of damages is the purchase-money and interest.

11. SAME — *in case the grantor, after suit brought, acquires title.* But where the grantor acquires title, even after the grantee has commenced his action for a breach of those covenants, if before the damages are assessed, it can be shown, not in bar of the action, but in mitigation of damages. Such subsequently acquired title inures to the prior grantee, leaving simply a technical breach of the covenants mentioned, for which nominal damages only, can be recovered.

12. SAME — *general rule, in actions on contract, sounding in damages.* It is a general rule, that in all actions on contract, sounding in damages, and of this character is covenant, the plaintiff is entitled to recover damages only to the extent of the injury sustained. If circumstances exist which mitigate the injury, they must be considered in measuring the damages.

APPEAL from the Recorder's Court of the city of Peru; the Hon. WILLIAM CHUMASERO, Judge, presiding.

This was an action of covenant commenced in the court below, by Catharine E. Gilson, administratrix of George W. Gilson, deceased, for the use of Isaac Hellman, against George W. King, to recover damages for an alleged breach of certain

covenants of seizin, and of good right to convey, contained in a deed of conveyance of land, from the defendant, King, to the plaintiff's intestate, George W. Gilson.

The declaration contains two counts; the *first* alleging that the defendant, King, on the 22d day of March, 1856, executed and delivered to the said George W. Gilson (then in life, but since deceased), a deed of conveyance for the north-west quarter of section 32, in township 85, north of range 21, west of the fifth principal meridian, situate in Story county, in the State of Iowa, with covenant of seizin; that the defendant was not seized of the premises, but title paramount thereto was in one James S. Easly, etc. The second count avers the making and delivery of a deed precisely similar to that set forth in the first count, except it is alleged to contain covenants of seizin, and of good right to convey, and averring that the grantor was not seized and had not good right to convey, but that paramount title to the premises was in James S. Easly, etc.

The defendant pleaded *non est factum*, with a stipulation between the parties, that he might give in evidence, under that plea, any matter that might be specially pleaded.

The history of the case as developed by the testimony, and upon which the rights of the parties depend, is as follows:

On the 22d day of March, 1856, the defendant, George W. King, together with his wife, for a certain consideration therein expressed, executed and delivered to the plaintiff's intestate, George W. Gilson, a deed of conveyance for the land mentioned in the declaration.

This deed purported to convey a fee simple estate, and contains, among others, these covenants:

"And the said party of the first part, for themselves and their heirs, executors and administrators, do hereby covenant to and with said party of the second part, his heirs and assigns, that they are well seized of the premises above conveyed, as of a good and indefeasible estate, in fee simple, and have good right to sell and convey the same," &c.

On the ninth of June following, Gilson and wife conveyed the same premises to one Thorne, by deed, in which the opera-

tive words of grant or conveyance, were, "grant, bargain and sell," and containing the following special covenants, only: that the grantors were well seized, and had good right to sell and convey, that the premises were free from incumbrance, and the grantee, his heirs or assigns should enjoy the quiet and peaceable possession thereof.

Thorne conveyed to John Morris on the 11th of November, 1856; and on the 2d of June, 1857, Morris conveyed the same premises by deed, to Isaac Hellman, for whose use this suit is brought.

On the 1st day of October, 1856, about six months after the conveyance from King to Gilson, a patent was issued for this same land, from the United States to one James S. Easly, of the State of Virginia.

Easley and wife conveyed the premises to the defendant, King, by deed bearing date on the 29th of January, 1861. The land has always been, and was at the commencement of this suit, vacant and unoccupied. In February, 1861, King wrote the following letter to Hellman, the beneficial plaintiff in this suit:

"LA SALLE, 6 Feb'y, 1861.

"I. HELLMAN, St. Louis, Mo.: — I have apprehended trouble from you, and whilst I have been investigating about that land, have been corresponding with Easly of Va., who did own the land deeded to me by Dunbar, and I have now in La Salle a deed from Easly and wife to me of the land in question. I have not paid the money yet to his agent, but thought I would make you an offer before I pay it. The matter is all arranged so as to prevent you from extorting an unreasonable sum from me as intended. I propose to pay $300 in c'y if you will quit-claim the land to me; and it is at your option to have $300 in cash or the land. If you conclude to take the money, send the deed, duly authenticated, to Eldridge, by return mail, as I only have the refusal from Easly till Saturday next; and, if you wish, I can show Eldredge the deed and original patent before he accepts the money or consummates the trade.

"Yours, &c., GEO. W. KING."

On the 8th of the same month, a conversation was had between King, the defendant, and Mr. Eldredge, the attorney of the plaintiff, during which the former showed to Eldredge a copy of the letter he had written to Hellman, and said he had the refusal of the deed until the following week; that it was sent to La Salle to Easly's agent, and that Hellman could have $300, or the land, as he chose. Within a few minutes after this conversation, this suit was commenced.

The defendant gave in evidence the statute law of Iowa, from which the law in that State appears to be, that "when a deed purports to convey a greater interest than the grantor was at the time possessed of, any after acquired interest of such grantor, to the extent of that which the deed purports to convey, inures to the benefit of the grantee."

The issues were found in favor of the plaintiff, and her damages assessed at $1,080. A motion for a new trial was denied, and judgment entered upon the finding. The defendant thereupon took this appeal. The questions presented upon the record are: *First.* Whether the title acquired by King under his deed from Easly, of 29th January, 1861, inured to Hellman. *Second.* If so, how does it affect the rights of the parties in this suit?

Mr. E. F. BULL, for the appellant.

Mr. G. S. ELDREDGE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The first question which we propose to consider is, whether the title acquired by appellant of Easly, by deed of conveyance, dated January the 29th, 1861, inured to Hellman as a subsequent grantee. It is urged, that it did not, for two reasons; first, because the deed from Gilson to Thorne contains no covenant of general warranty; and secondly, because the deed from Easly to appellant, was delivered after the commencement of this suit. In the case of *D' Wolf* v. *Haydon,* 24

Ill. 525, it was held, that the words, "grant, bargain, sell," contained in a deed, being a statutory covenant, is sufficient to enable a subsequently acquired title to inure to the grantee. This deed to Thorne contained these words, and it was, therefore, as effectual to pass the subsequently acquired title to Hellman, the last grantee, as though it had contained full covenants.

The rule has been announced with uniformity, and in general terms, that a person who, having sold and conveyed real estate by a deed containing covenants of general warranty, and subsequently acquires the title, that it inures to the benefit of his grantee. Whether this effect is produced by way of estoppel, by remitter, or by operation of the statute of uses, has been a matter of much discussion, but whether it is by one or another of these modes, can matter but little, as the effect produced by either is in all respects the same. The doctrine as it obtains in Great Britain seems to be, that if a person sell land with warranty, and the title fails, but the grantor subsequently acquires the land under a different title, there is an equity arising out of the contract, which annexes it to the new title. This also appears to be the doctrine of a portion of the States of the Union. In others, it is held, that an after acquired title passes by way of estoppel to the grantee. *Baxter* v. *Bradbury*, 20 Maine, 260. In Pennsylvania the same rule obtains, with slight modifications. *Brown* v. *McCormick*, 6 Watts, 60; *Shaw* v. *Gilbert*, 7 Barr. 111.

In the case of *Root* v. *Crock*, 7 Pa. State Reps. 380, the court went further, in holding that the title inures to the grantee without reference to a covenant of warranty. In the Kentucky Court of Appeals, in the case of *Cotton* v. *Ward*, 3 Mon. 304, the rule that the subsequently acquired title inured to the grantee under a deed containing covenants of warranty, was fully recognized. And the Supreme Court of Missouri, in the case of *Reese* v. *Smith*, 12 Mo. 344, announced the same rule, and see the following cases decided by this court: *Rigg* v. *Cook*, 4 Gilm. 350; *Willis* v. *Watson*, 4 Scam. 65; *Jones* v. *King*, 25 Ill. 388. Upon a careful review of all the authorities we are

clearly of the opinion, that the title, subsequently acquired, did inure to Hellman.

It was, however, insisted on the trial, that the title could not inure, unless there was a seizin in fact. We have not found that the rule is thus limited. On the contrary, in the case of *Cornell* v. *Jackson*, 3 Cush. 506, it was held that the title inured to the benefit of the plaintiff, when he was not in possession at the time the suit was brought, or the judgment recovered. We are unable to perceive how the premises being unoccupied, could prevent the title from passing, any more than if the conveyance had been directly to the appellee. The law has held that the title inures, and has not made it to depend upon the condition of the premises.

It was also urged, that such a rule, in case the land were vacant, might operate with great injustice, if the grantor should execute a conveyance to a different person, who might get it first recorded. This is true of a large portion of ordinary conveyances, and still the title passes to the grantee. It is not the recording of the deed that passes the title, but it only secures the title from being defeated by a subsequent sale of the land to an innocent purchaser.

If the deed were withheld from the person in whom the title was vested, he could, no doubt, recover it by an action of replevin or detinue. Or if it should be lost or destroyed, a court of equity would relieve against its loss by compelling the execution of another deed. So that in any event, the party holding the title would have the means of availing himself of the evidence of his title. In this case, when Easly conveyed the land to appellant, the title vested in Hellman, for whose use this suit is instituted, and the title remains in him, whatever may have become of the deed.

The next question presented for consideration is, whether the perfecting of the title is a bar to a recovery, or operates to mitigate the damages. The covenants of seizin and of good right to convey, are broken, if at all, when the deed is delivered. They are personal covenants, not running with the land, and are *in presenti*. Their breach depends upon no future contin-

gency.   They are, that the grantor is then seized, and has good right to convey.   If he is not well seized, or if he has not the power to convey, when the deed is delivered, an action at once accrues, and a recovery may be had.   In this case it is not pretended that appellant was seized in fee when he conveyed to Gilson.   He might have recovered on these covenants, in his lifetime, and the same right survived to his representatives after his death.

Had a suit been instituted by him, and a recovery had before appellant procured the deed from Easly, the measure of damages would have been the purchase-money, with interest. In such a case the grantee does not obtain what he purchased. But it seems to be a rule of general application, that in all actions on contract, sounding in damages, and of this character is covenant, the plaintiff is entitled to recover damages only to the extent of the injury sustained.   If circumstances exist which mitigate the injury, they must be considered in measuring the damages.   *Leland* v. *Stone*, 10 Mass. 459 ; *Baxter* v. *Bradbury*, 20 Maine, 260.

In the latter of these cases, it appeared that the defendant, after suit was instituted upon the covenant, acquired the title, and it was held, that the recovery could only be for nominal damages.   And the cases of *Cotton* v. *Ward*, 3 Mon. 304; *Reese* v. *Smith*, 12 Mo. 344, and *Cornell* v. *Jackson*, 3 Cush. 506, fully sustain this doctrine.   The exception to the general rule, that the plaintiff is entitled to recover all the damages he has apparently sustained at the commencement of the suit, seems to be based upon the fact, that when the covenant is taken, the covenantee pays his money with the design of acquiring title to the premises, and not to make a loan, and when he has obtained what he purchased, he has sustained no injury.   Technically, there has been a breach of the covenant, for which the law gives a right of recovery, but having the title for which he contracted, he can only recover nominal damages.

In the case of *Morrison* v. *Underwood*, 20 N. H. 369, it was held that if the plaintiff was in possession, it might operate to mitigate the damages.   And it is for the obvious reason, that

the party may never be disturbed in the enjoyment of the property. And if so, his damages would only be nominal. The law would not permit him to hold the property, and recover back the purchase-money. There may be a great variety of circumstances which would mitigate the damages in an action of covenant. But we have no doubt, that by acquiring the title, which inures to the benefit of the grantee, he cannot recover anything beyond nominal damages. He has sustained no substantial injury, and, consequently, has no right to compensation.

By the ancient covenant of warranty, on eviction of the grantee, the grantor was bound to yield other lands of equal value of those from which there had been an eviction by paramount title. Coke Litt. 365. Whilst this mode of making compensation for the breach of the covenant has, from the more commercial condition of the times, gone into disuse, it has left its influence upon the recovery. Whilst the grantor cannot satisfy the breach of his covenants of seizin with other lands, he may substantially discharge the breach by acquiring the title at any time before the damages are assessed. In all cases of covenants of general warranty, any title subsequently acquired by the grantor is held to have been acquired to strengthen the title of the grantee, and to prevent its failure, and that it inures to the benefit of the grantee. In any view of the case, we are of the opinion that when the title inured to Hellman's benefit, he could only recover nominal damages. The judgment of the court below must, therefore, be reversed, and the cause remanded.

*Judgment reversed.*