### Elbridge G. Kimball v. John L. Bell.

1. Sale of Land — *Defective Title* — *Recovery by Vendee of Money Paid.* Where K. sells to B. certain blocks of land, and gives B. a title bond, in which he agrees, upon payment of the purchase-money by B., to execute and deliver to B. a deed conveying an indefeasible estate in fee-simple, B. may refuse to accept a deed for said blocks of land upon the discovery of a cloud on the title in the form of an unsatisfied mortgage of record; and unless K., within a reasonable time after demand, pays such mortgage, or procures a release of the same, B. may bring suit to recover back the money paid on such contract.

2. ———— *Evidence.* In an action to recover the purchase-money, B. is not required to go behind the record and show that, in fact, the mortgage has not been paid. It is sufficient if he show the mortgage of record and unsatisfied.

3. ———— *Demurrer to Evidence.* Having made such showing, a demurrer to the evidence will not lie upon the ground that he failed to show the mortgage had not in fact been paid.

4. Practice — *Trial on Wrong Theory.* Where an action to recover back the purchase-money has been erroneously tried by the court below upon the theory that time was of the essence of the contract, and that the vendee upon the payment of the last installment of the purchase-money might immediately demand a deed, and if not forthcoming at once, might commence his suit to recover back his purchase-money, yet if the record shows that at the time of the trial, more than three months after the final payment and demand for a deed, and after a lapse of a reasonable time after such payment and demand, the vendor was not in a position to perform the conditions of his bond, by giving an indefeasible estate in fee-simple, the fact that the case was tried upon a wrong theory does not constitute necessarily reversible error.

*Error from Ellsworth District Court.*

The opinion states the facts.

*Garver & Bond,* and *Henry M. Burdett,* for plaintiff in error.

*Ira E. Lloyd,* for defendant in error.

Opinion by STRANG, C.: On the 16th of June, 1887, the plaintiff, Kimball, sold to the defendant, Bell, blocks 7 and 31 in Getty & Larkin's addition to the city of Ellsworth, and gave him a title bond therefor, in which he agreed to execute and deliver to Bell, upon the payment by him of the purchase-money therein named, a good and sufficient warranty deed, conveying an absolute and indefeasible estate in fee-simple to said blocks of land. Having made the last payment on said land, Bell demanded of Kimball a deed therefor on the 5th of January, 1889. On the 17th of the same month suit was begun by Bell to recover back the purchase-money, alleging that Kimball had failed to comply with the conditions of his bond by giving deeds. The case was tried April 22, 1889, by jury. A demurrer to the evidence was interposed by Kimball, but it was overruled. The jury found for the plaintiff below. Motion for a new trial was argued and overruled.

The first contention of the plaintiff is that the demurrer to the evidence should have been sustained. This contention is based upon the theory that the plaintiff having brought this suit to recover back the purchase-money, upon the alleged failure of the vendor to comply with the conditions of his bond in relation to the title, the plaintiff must show that the deed tendered by the vendor as a compliance with the conditions of his bond did not in fact convey a good and indefeasible title in fee-simple to the blocks sold, before he can recover; and that simply proving that an unsatisfied mortgage was on record against the blocks did not constitute such a showing, because a mortgage might be unsatisfied of record, and yet be fully paid; and because of this it was the duty of the plaintiff below to have shown that the mortgage had not in fact been paid, because if the mortgage had in fact been paid,

though not satisfied of record, the deed tendered would have conveyed such a title as the bond called for, and the plaintiff could not have recovered.

We agree with counsel for plaintiff in error that, to make a case, the plaintiff below must have shown that the deed tendered him before suit brought did not convey a good and indefeasible estate in fee-simple. But we think the plaintiff below did show that, at least *prima facie*, when he showed that there was of record an unsatisfied mortgage against these blocks. We think the law is well settled that the vendee is not required to accept a deed, though in form a warranty, stipulating that the land is free from all incumbrances, when there is a cloud upon the title in the shape of an unsatisfied mortgage of record. Though a deed in proper form has been tendered, the vendee seeking to recover back the price paid for land may justify his refusal of said deed by showing an unsatisfied mortgage of record against the land. In *Durham v. Hadley*, ante, pp. 81, 82, Chief Justice HORTON, speaking for the court, says:

"It is undoubtedly true that, where an incumbrance is discovered upon land, the vendor must discharge it before he or she can compel the payment of the purchase-money by the vendee at law or in equity. In this case, it is claimed that no incumbrance existed, because the mortgage had been paid; but the records in the office of the register of deeds show no release and no payment to any party having authority to release or accept payment. . . . Mrs. Bowen ought, before she made her contract, or offered her deed, or at least before this action was brought, to have had Charles H. Thompson release on the record the mortgage of $834 and all interest, if it is paid, or she ought to have had the written assignment of the mortgage to Benj. F. Jewett recorded, if Jewett was ever the legal owner thereof. She did none of these things, and none of these things have yet been done. The title is clouded with an apparent incumbrance. . . . The facts are, that Durham could not and cannot obtain a good marketable title. He cannot be compelled to accept any other."

This the plaintiff below did in this case. He showed an unsatisfied mortgage against the land sold to him. He was not

required to go behind the record and show that the mortgage had not in fact been paid. Having shown a *prima facie* case, he might rest. If then the defendant could show that the mortgage had in fact been paid, though not satisfied of record, such showing would defeat the *prima facie* case of the plaintiff, and he could not recover. In this case the defendant made no showing, or offer to show, that the mortgage had in fact been paid. The unsigned memoranda, without date, on the margin of the mortgage introduced in evidence, are of no value, except, perhaps, as a mere pointer to call attention to the place where a release might be found. Of itself, it was no evidence of a release of the mortgage.

It was decided in *O'Neill v. Douthitt*, 40 Kas. 689, that "where an abstract of title shows that a mortgage on the land has been recorded, it is then necessary, in order that the abstract shall show a good and complete title, that it shall also show that the mortgage was not only released and discharged of record, but also that the person releasing or discharging the same had full and complete authority of record to do so." (See, also, *Durham v. Hadley*, ante, p. 73; same case, 27 Pac. Rep. 105.) If a release of the mortgage, so far as the southeast quarter of section 17 was concerned, was to be found in the book referred to in said memoranda on the margin of the mortgage, it could easily have been introduced in evidence by the defendant below. We do not think the record shows the defendant below was in a position, even at the time of the trial, to give a good and indefeasable title in fee-simple to the blocks of land described in his title bond. (*Durham v. Hadley*, supra.)

It is claimed by the plaintiff herein that the case was tried by the court below on a wrong theory; that the court tried the case all the way through upon the theory that time was of the essence of the contract, and that the vendee might demand a deed immediately upon the payment of the last installment of the purchase-money, and if the vendor failed to respond therewith at once the vendee was at liberty to immediately bring suit for the purchase-money. This may be true. There

are some things in the record indicating that it is. And if true, the court was certainly mistaken in its view of the rights of the parties in relation thereto, under the contract. There is nothing in the contract making time of the essence thereof. Under the contract, we think either party thereto was entitled to a reasonable time, after demand, in which to perform the conditions thereof. But if this was true, how is it material? If the defendant below was not in a position to make a good title at the time of the trial, which was more than three months after the last payment and demand for a deed, he was not in a position to perform the conditions of his bond within a reasonable time after the payment and demand. Three months was certainly a reasonable time, and as long as he could ask, in which to make a deed, upon the defendant's own theory of the law in the case. We think if the court tried the case upon the theory that the plaintiff in error claims it did, (and we are inclined to think it did,) it was an erroneous theory upon which to try it, but we do not see how the defendant was injured thereby. If the court had tried it upon the proper theory, the defendant was in no position to defend against the action, because he could not perform after a reasonable time had elapsed.

We think the case must be affirmed. It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.