E. G. KIMBALL V. J. L. BELL.

1. VENDOR AND PURCHASER — *Recovery of Purchase-Money — Failure to Perfect Title.* A purchaser of land is entitled to recover back the money paid by him, where all the payments have been made, and seven months have elapsed since the last payment on one bond, and nearly a month since the last on another, and a mortgage on the premises has not been paid or released.

2. ————— *Evidence.* There was no material error in excluding evidence of the vendor's unsuccessful efforts to obtain the release and satisfaction of the mortgage.

*Motion for Rehearing.*

THE case is sufficiently stated in the opinion herein, filed at the session of the court in June, 1892.

*Garver & Bond,* and *Henry M. Burdett,* for the motion. No brief on file.

*Ira E. Lloyd,* contra.

No brief on file.

*Per Curiam:* We have carefully reëxamined the record, and find the statement contained in the opinion handed down, that "the defendant below made no showing or offered to show that the mortgage (which was a lien or encumbrance upon the blocks purchased) had in fact been paid," is correct. 47 Kas. 757. If the mortgage was released or discharged before the trial, as is now claimed, this should have been shown upon the trial. If any evidence had been offered showing such release or discharge, and the trial court had ruled it out, we would promptly reverse the case. The only release offered in evidence was the one found in book "K" in the office of register of deeds of Ellsworth county, releasing or discharging the northwest quarter of section 17, township 15, range 8. That release was wholly immaterial, because it did not refer to blocks 7 and 13, or to the southeast quarter of section 17, which was platted into blocks, and of which blocks 7 and 13 were a part. If there was, at the time of the trial, any release of the mortgage on the southeast quarter of section 17, it was gross negligence on the part of the attorney representing the defendants in not offering the same as evidence. As the mortgage upon the trial was not shown to have been released, or even paid, the question of reasonable time for such release or the payment was not properly in issue. If there had been no release or payment of the mortgage at the time of the trial, more than a reasonable time had already expired.

Upon one title-bond, the last installment or payment of the purchase-money was due July 21, 1888; upon the other, the last payment was due December 20, 1888. The evidence shows that all of the payments were made. The purchaser was entitled, when he performed his part of the contract, to have the other party perform his part. Upon the first title-bond, about seven months had expired after the time for the last payment before this action was commenced; upon the last

title-bond, more than a month had expired after the last payment was due before the answer was filed. The answer referred to the mortgage as an encumbrance, but did not allege its payment or release. Concerning the mortgage, the answer alleged:

"That as to the allegations respecting encumbrances on above blocks Nos. 7 and 13, the records of Ellsworth county show, first, that in 1885, in a deed from John Getty and Arthur Larkin and their wives to one Cochrine and one Houston, conveying west half of section 17, township 15, range 8, the grantees therein assume ' payment of a mortgage now on record against all of said section 17 for $4,400 and interest, the same being balance now unpaid; second, that on December 16, 1886, Cochrine, one of the grantees in last-named deed, and his wife, conveyed to Moses Houston, the other grantee in above deed, southwest quarter of section 17, township 15, range 8, free from everything except a certain mortgage on said section 17 given to one Rumsey; third, that on December 27, 1886, Moses Houston and wife conveyed to the Ellsworth Improvement Company southwest quarter section 17, township 15, range 9, the same free and clear of all encumbrances, subject to the payment of one-half of a certain mortgage debt on section 17 in favor of W. A. Rumsey, now on record; fourth, that plaintiff is one of the members of the Ellsworth Improvement Company, and was such when said company accepted the last-named conveyance."

There was some evidence offered of the attempts made by John Getty, the grantor of the defendant below, and also of said defendant, to have the mortgage referred to released or satisfied, and these offers were ruled out. But there was no attempt to show that the mortgage had been paid or discharged. The ruling out of the unsuccessful efforts to release the existing incumbrance was not material error. The efforts of Getty and the defendant below to clear up the title were of no benefit to the plaintiff below, unless such efforts were successful. In view of the allegations of the answer, if the mortgage was paid and released after the filing thereof, a supplemental answer should have been filed alleging the dates of payment and release, and then the defendant below

could have shown the facts alleged, and could also have shown his efforts to have the release made and the cause of the delay in obtaining the release. As there was no evidence offered showing or tending to show that the mortgage or incumbrance was paid or released, the instructions of the trial court were not erroneous.

The motion for a rehearing will be denied.