OZROE B. LOONEY v. WILLIAM H. REEVES AND JAMES O. REEVES.

No. 166.

1. MEASURE OF DAMAGES — *action for failure of title to Missouri land, deed executed here, Kansas law governs.* In an action in this State to recover on the covenants of warranty in a deed executed in this State, for failure of title to real estate situated in the State of Missouri, the measure of recovery is governed by the laws of this State.

2. JUDGMENT OF SISTER STATE — *record showing want of jurisdiction of necessary party, not admissible on issue of fact.* The record of a judgment rendered by a court of another state is not admissible in evidence for the purpose of proving the determination of a fact involved in the trial of a case in a district court of this State, when such record shows that such judgment was rendered without jurisdiction of one of the necessary parties.

3. ACTION FOR FAILURE OF TITLE—*vendor may show that before trial he perfected title in the vendee.* In an action brought by the vendee of lands to recover damages for a want or defect of title, the vendor may show in mitigation of damages that before trial he had perfected the title in the plaintiff.

4. MEASURE OF DAMAGES—*is purchase price; no price or agreed value, is market value.* When the title to real estate fails, the measure of the vendee's recovery on the vendor's covenants of warranty is the purchase price. When no definite price is agreed on, but there is an exchange of lands, the agreed value or, if none, the market value of the lands given in exchange, is the measure of damages.

Error from Ellsworth District Court.   Hon. W. G. Eastland, Judge.   Opinion filed January 18, 1897. *Reversed.*

*Ira E. Lloyd*, for plaintiff in error.

*C. J. Evans*, for defendants in error.

CLARK, J. This is an action brought in the District Court of Ellsworth county, by William H. Reeves and James O. Reeves, to recover from Ozroe B. Looney fifteen hundred dollars damages, upon an alleged breach of covenants contained in a deed of general warranty to 120 acres of land in Cape Girardeau County, Missouri. The plaintiffs recovered a judgment for $649.65 ; and the defendant, as plaintiff in error, has brought the case to this court.

The evidence preserved in the record clearly shows, that on October 29, 1890, Looney claimed to be the owner of said real estate, and that Mrs. Mary Reeves, the mother of the defendants in error, was the owner of land in this State, situated in Ellsworth County, upon which there was an incumbrance of about $3,350 ; that on said October 29, in said Ellsworth County, by virtue of a trade which was then and there consummated, Mrs. Reeves conveyed to Looney her Ellsworth County land subject to the incum-

brance thereon, and Looney, in consideration therefor, at the same time and place, executed to the defendants in error the warranty deed above mentioned, and paid in cash, either to Mrs. Reeves or to her said sons, the sum of five hundred dollars; that the consideration for the land so conveyed by Looney, as expressed in the deed, was fifteen hundred dollars, while in the deed to Looney the consideration for the Ellsworth County land was placed at seven thousand dollars. The court instructed the jury that, if they should find that the deed from Looney expressed the actual consideration received by him for the Missouri land, the plaintiffs would be entitled to recover that amount as damages for a breach of the covenants of title; but that, if they should find that it was understood that the land was of much less value, or was valued at a much less sum than that expressed in the deed, then they should ascertain such valuation, and return a verdict in favor of the plaintiffs for the amount thereof. An instruction was also given that, if the jury should find and believe from the evidence that no specified sum was understood or agreed upon between the parties as the valuation of the land, but that the sum of fifteen hundred dollars was inserted in the deed as a matter of convenience only, then the plaintiffs would be entitled to recover as their damages the amount which the jury should find and determine from the evidence to be the consideration which was actually paid or given for the land. The jury found that neither deed expressed the actual consideration for the land therein mentioned, and also made the following special findings of fact:

"4. On October 29, 1890, what was the market value of the real estate described in the deed offered

282          LOONEY v. REEVES.

N. Dept.          Opinion.    Clark, J.          5 Kan. App.

in evidence and dated October 29, 1890,—being the deed from Mary Reeves and A. P. Reeves to O. B. Looney?   A. $4,460.80.

"5. When O. B. Looney received the said deed described in the preceding interrogatory, did he not pay to the said Mary Reeves or the plaintiffs in this action the sum of five hundred dollars, and also execute to the plaintiffs in this action the deed, a copy of which is attached to plaintiffs' petition?   A. Yes.

"6. Was the transaction between the Reeves and Looney in the exchange of real estate simply a trade of one tract of land for the other, Looney paying five hundred dollars in addition to the Missouri land without reference to any particular valuations so far as the Missouri land was concerned?   A. Yes."

In answer to the first question raised by the plaintiff in error we need only to state that the deed containing the covenant of warranty was executed in this State, and the covenantee is here seeking to recover for a breach of such covenant.   The damages in such case must be computed according to the law of this State.

1. Measure of damages governed by Kansas law, when.

The plaintiff in error complains of the admission in evidence of the record of a judgment of eviction rendered in Missouri against the defendants in error, and the giving of an instruction to the effect that such record disclosed a valid judgment.   This record shows that the Missouri court acquired no jurisdiction of W. H. Reeves, yet it proceeded to render a judgment against him.   As, under the numerous decisions of our Supreme Court, that judgment against W. H. Reeves was void, it was error to admit such record in evidence for the purpose of showing a judgment against him ; and the court also erred in its instructions to the jury respecting said record, and in refusing to instruct the the jury as requested by the plaintiff in error.

2. Judgment of sister state not admissible, when.

LOONEY v. REEVES.        283

Jan. 18, 1897.        Opinion.   Clark, J.        C. Div.

Complaint is also made of the ruling of the court in refusing to permit the plaintiff in error to introduce evidence tending to show, that since the commencement of this action he had acquired a good title to the Missouri land, and that under the laws of that State such after-acquired title inured to the benefit of the defendants in error. The court erred in this ruling. Such evidence was admissible in mitigation of damages. *King v. Gilson's Adm'x*, 32 Ill. 348; *Farmers' Bank v. Glenn*, 68 N. C. 35; *Reese v. Smith, Ex'trix*, 12 Mo. 344; *Baxter v. Bradbury*, 20 Me. 260; 3 Sedgwick on Damages, § 978; *Kimball v. Bell*, 49 Kan. 173.

3. Vendor may show title perfected in vendee before trial.

It is finally contended, that, as no stipulated price for this land was agreed upon in the trade, the measure of damages upon a failure of title thereto would be the actual value of the property at the time of the trade, with interest thereon from the date of eviction; and that the court erred in refusing to so instruct the jury, as well as in ruling out evidence offered, tending to show the value of said land and that the same was less than two hundred dollars. The defendants in error insist, however, that the measure of damages upon the breach of covenants of title to real estate is the purchase price paid therefor with interest from the date of eviction, and that the court properly instructed the jury upon this point; and, also, that, as there was no understanding or agreement between the parties when making the trade that the value of the 120 acres should in that transaction be estimated by them at any particular sum, the value of the property given in exchange therefor must necessarily be deemed the purchase price. It is well settled that, where the title to real estate fails, the measure of the vendee's recovery on the vendor's covenant of

warranty is the purchase price. *Stebbins v. Wolf*, 33 Kan. 765; *Reese v. Smith*, supra; *Baxter v. Bradbury*, supra; *Dickson & Gantt v. Desire's Adm'r*, 23 Mo. 151; *King v. Gilson*, supra. The jury evidently arrived at their estimate of damages by deducting from the value of the Ellsworth County land the amount of the incumbrances thereon and the five hundred dollars paid by Looney. This would leave $610.80 as the actual consideration paid for the 120 acres, and this sum with interest thereon from the date of eviction would equal the amount of the general verdict. We see no objection to this method of ascertaining the amount of the damages sustained by the defendants in error. Where no definite price is agreed upon, but there is an exchange of lands, the agreed value or, if none,

4. Measure of damages for failure of title, what is.

the market value of the lands given in exchange therefor, is the proper measure of damages. *Burke et al. v. Beveridge*, 15 Minn. 205; *Lacey et al. v. Marnan*, 37 Ind. 168; *Hodges v. Thayer*, 110 Mass. 286; *Evans v. Fulton*, 134 Mo. 653; 36 S. W. Rep. 230.

Because of the errors of the court herein pointed out, the judgment will be reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.