No. 31,801

Everett De Hart and W. H. Joseph, *Appellants,* v. W. G. Eveleigh, *Appellee.*

(41 P. 2d 725)

 Opinion filed
March 9, 1935. 

C. H. Brooks, Willard Brooks, Howard T. Fleeson, F. W. Aley and Carl G. Tebbe, all of Wichita, for the appellants.

R. C. Russell, of Great Bend, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Everett De Hart and W. H. Joseph, against W. G. Eveleigh, to recover damages for breach of a contract for the sale of an oil and gas royalty on a certain quarter section of land in McPherson county.

The purchase price of the royalty was $12,000, plus $3,200 in assigned notes. An abstract of title was to be furnished to Eveleigh, whose attorney would examine the title for the purchaser, and he made a number of requirements, calling attention especially to two mortgages and some other requirements to be met in order to make it a merchantable title. The attorney made three separate examinations, and the requirements were complied with except the mortgages, which were conceded to be defects in the title and should be paid or released in order to make it a merchantable title. Several efforts were made to obtain a release of the mortgages, but they were not successful, and further steps were taken to overcome these defects.

In the final action it was claimed by defendant that the mortgages were a lien upon the premises and the abstract did not show a merchantable title, and the defendant purchaser insisted that they must be released before he would accept the title as merchantable. The mortgages were not paid, but plaintiffs claim they were told that the defendant was not going through with the deal and that there was no use to release the mortgages.

The plaintiffs seek to excuse the failure to release the mortgages by showing they tendered Eveleigh a check in full payment of the mortgage encumbrances. The court found, however, that Eveleigh had not said a word about paying off the mortgages and this is corroborated by two other witnesses. There was a requirement that the mortgages be paid so that the plaintiff could know that he was getting a good title for his money. The testimony showed that

Eveleigh was refusing to consummate the deal for the reason that the requirements had not been met, that the mortgages had not been paid. There is no contention on the part of the plaintiffs that the mortgages have been paid. Under the terms of the contract, before the defendant could be compelled to take the royalty interest and pay for the same, plaintiffs were required to furnish a merchantable title, and were to convey by good and sufficient deed, and of course they could not convey a merchantable title so long as these mortgages remained of record and were unreleased.

The court found there was no evidence that there was any oral agreement changing the terms and conditions of the written contract. On the contrary, it shows that the defendant was standing on the written contract, and was ready, able and willing to comply with the same whenever the mortgages were released of record.

The court wrote an opinion finding the facts, and held, as we have seen, that there was no subsequent oral agreement, no waiver, and that Eveleigh was not to accept terms other than those in the agreement. The purchaser was not required to deal with the owners of the mortgages. He was not required to accept the offer of money to pay the mortgages, and the court found that Eveleigh did not say a word looking towards a promise of paying off the mortgages with money furnished.

Attention is called to the fact, too, that the evidence of witnesses confirmed the testimony of Eveleigh on the subject. Defendant was able, ready and willing to comply with the contract, but was not required to accept the deed with the mortgage lien standing unpaid and unreleased. If he had taken money and undertaken to pay off the mortgage liens he might have found trouble in satisfying them and in finding someone with authority to accept payment and sign terms of release and cancellation.

This was not a burden that could have been imposed on the purchaser; the evidence did not satisfy the court that there was any subsequent agreement or that Eveleigh ever agreed to accept the money and secure a release of the mortgages. In the early decisions of this court on the subject of unsatisfied mortgages it is held to be sufficient defense for the purchaser to show that the mortgage has not been paid and released. It is sufficient if he shows a mortgage of record which is unsatisfied and uncanceled and that he was ready, willing and able to purchase, to accept the conveyance, and meet the terms of the agreement that had been made. In *O'Neill v.*

*Douthitt,* 40 Kan. 689, 20 Pac. 493, it was held that where an un-released mortgage is shown by the abstract it is necessary not only to show that the mortgage was released, but that the person releasing it had authority to do so, and that when the person releasing it signed as attorney in fact and there is nothing of record showing he had authority to release it, it is not sufficient. (See, also, *Durham v. Hadley,* 47 Kan. 73, 27 Pac. 105; *Kimball v. Bell,* 47 Kan. 757, 28 Pac. 1015; *Kimball v. Bell,* 49 Kan. 173, 30 Pac. 240.)

The trial court, as we have seen, found against the claim of plaintiffs that there was a changing of the terms of the original written contract, found that there was no waiver of those terms, and that defendant was ready, willing and able to comply with the terms of the contract upon the release and cancellation of the mortgage of record.

We discover no room for the application of the rule insisted on by the plaintiffs as to concurrent or simultaneous performance, and it will not be dealt with at this time.

The judgment is affirmed.