## LACEY ET AL. *v.* MARNAN.

COVENANT.—*Evidence.*—In an action for breach of a covenant of seizin, where the complaint alleged that the title to the land described in the deed was in the United States;

*Held,* that the deposition of a register of the land office of the district in which the land lay was competent evidence to prove the title.

SAME.—*Measure of Damages.*—The measure of damages on the breach of the covenant of seizin, where the grantee receives no title, is the consideration-money paid, with interest, or if land be paid by way of exchange, the value of that land.

APPEAL from the Shelby Circuit Court.

DOWNEY, J.—The appellee brought this action against the appellants to recover for a breach of the covenant of seizin in a deed of lands in Iowa. The execution of the deed is alleged in the first paragraph of the complaint, a copy of it is filed therewith, and it is further alleged that the defendants could not warrant and defend the title to the land to the plaintiff, because, at the time of making the deed, nor before or since, had they any title to the same; but the same was government land; that no possession of the land was given or taken, and that he cannot take possession thereof for

want of title; that an action hath accrued to him to have and demand of the defendants fourteen hundred dollars, with interest thereon from the 28th day of September, 1866, which is the date of the deed. The price mentioned in the deed is fourteen hundred dollars.

The second paragraph alleges that on the 28th day of September, 1866, the defendants represented to the plaintiff that they were the owners, in fee simple, of the real estate, and on that day, by their deed, a copy of which is filed, bargained, sold, and conveyed the same to 'the plaintiff for the price of fourteen hundred dollars, which sum he then paid; that the defendants covenanted with the plaintiff, by the deed, that they were the owners of said land in fee simple, had good right and lawful authority to sell and convey the same; that at the time of executing the deed the defendants had no title to the land, but that the same belonged to the United States, and had never been purchased by any one; that, hence, he took no title to said land, and is damaged in the sum of two thousand dollars, for which he demands judgment.

The defendants answered, first, the general denial; second, they admit the execution of the deed, but say the same was executed without consideration; third, that at and before the time of executing the deed the plaintiff was the owner of forty acres of land in Shelby county, Indiana, describing it, then of the value of one thousand dollars; that the plaintiff was then and there desirous of selling said land to the defendants for eight hundred dollars, in cash, and for the conveyance of the Iowa land to the plaintiff, and it was then and there agreed between them, that the plaintiff should convey to the defendants the Shelby county land, and in consideration therefor the defendants should pay to plaintiff said sum of eight hundred dollars and also convey to him said Iowa land, and upon said agreement, the plaintiff conveyed to the defendants said Shelby county land, and they paid him said sum of eight hundred dollars, and executed the deed to the plaintiff for said Iowa land, the same mentioned in the complaint; and that at the time of making said deed, there was no price

fixed or agreed upon as the value of either tract of land; and that before this action was brought the defendants had paid the plaintiff more than the value of the Shelby county lands, to wit, twelve hundred dollars; wherefore, etc.

The plaintiff, after demurring unsuccessfully to the third paragraph of the answer, replied to the second and third paragraphs thereof by general denial.

There was a trial by the court, and a special finding; but as the court stated no conclusions of law, no question of law is presented thereon. A motion for a new trial was made and overruled, and judgment rendered for the plaintiff.

The first error assigned is that the court improperly overruled the defendants' demurrer to the complaint. The record shows no demurrer, and no such action of the court.

The plaintiff had taken the deposition of the register of the land office at Sioux City, Iowa, in which district the land is situated, to prove that the land had not been sold by the United States. He was asked the question whether the land, describing it, was vacant public land of the United States, subject to entry at his office, on the 28th day of September, 1866, and whether on that day or since it had been entered by any one. He answered that it was on that day vacant public land of the United States, subject to entry at his office, and was still vacant, and had not been entered by any one; that the title had not passed from the government of the United States to any person or persons, state, county, or corporation whatever, but was still in the United States, and was then subject to entry at his office.

On the trial of the cause this deposition was offered in evidence, and the defendants objected to the question and answer above set out, on the ground that the facts sought to be proved thereby could only be proved by the record of the register, or a certified copy thereof, which objection the court overruled, and to which ruling the defendants excepted. The bill of exceptions does not show that any objection was made to this deposition or any part of it before going into the trial. It was probably too late to make the objection on

the trial. 2 G. & H. 178, sec. 266. But we are of the opinion that there was no force in the objection. It was not a certified copy of any record that was desired as evidence; but it was proof that no such record existed. If a sale had been made, there would have been a record or entry of the fact, which might have been copied and certified by the register. But when no sale had been made, and consequently no entry, there was nothing of which a copy could be made out and certified. To show that no marriage had taken place between parties, parol evidence, by the clerk, was allowed, that he had made diligent search of the marriage record, and that no entry of such marriage appeared thereon. *Nossaman* v. *Nossaman*, 4 Ind. 648. In *Stoner* v. *Ellis*, 6 Ind. 152, a certificate of the commissioner of patents, under his official seal, was offered in evidence to show that no patent had issued to certain parties, and it was held inadmissible. The learned judge who delivered the opinion of the court said: "We are aware of no rule of law which authorizes a public officer to certify what does not appear in his office, for the purposes of evidence. His deposition should be taken, to prove that upon diligent search the fact did not appear."

The next question relates to the measure of damages. The appellants' counsel contend that the value of the Iowa land was the proper measure, while the counsel for appellee contend that the value of the Shelby county land, less the money paid, with interest thereon, was the measure. Had the Iowa land been paid for in money, there is no question that the money paid, with interest thereon, would have been the proper measure of damages. This is decided in several cases in this court.

It has also been decided that where the vendee has received a deed and has taken possession, he can only recover nominal damages while he has not been evicted. But in this case no title passed by the deed and possession was not taken under it, and there would seem to be no objection to the recovery by the plaintiff of full damages. "No land

passing by the defendant's deed to the plaintiff, he has lost no land by the breach of this covenant; he has lost only the consideration he paid for it. This he is entitled to recover back, with interest to this time." Sedgw. Dam. 186.

We do not think it can make any difference whether the consideration paid be money or something else. The reason of the rule would be the same in either case.

. Judgment affirmed, with five per cent. damages and costs.

*B. F. Davis* and *B. F. Love*, for appellants.

*E. H. Davis* and *C. Wright*, for appellee.