HENRY HODGES, executor, *vs.* WELCOME A. THAYER.

The description in a deed of land was as follows: " All those tracts or parcels of land sit‹
uate " in a county in Minnesota, " described as follows, to wit: One equal and undivided
one-half part of the west half of the southeast quarter, the west half of the northwest
quarter, lot one, and northwest quarter of southwest quarter, the east half of southwest
quarter and the south half of the northeast quarter, and southeast quarter of northwest
quarter of section twenty, town forty, north range nineteen west, being four hundred
and thirty-seven 50-100 acres; also lots three and four and northeast quarter of northeast
quarter, lots six and seven, and southwest quarter of southeast quarter, lots eight, nine
and ten, and the east half of southwest quarter of section nineteen, town forty, north
range nineteen west, being four hundred and fifty-one 70-100 acres; also lots," &c.,
" being two hundred and fifty-four 40-100 acres; also the west half," &c., " being four
hundred acres; also the west half," &c., " being one hundred and ninety-nine 12-100
acres; also the east half," &c., " being two hundred and eighty acres; also the south
half," &c., " being one hundred and twenty acres; also the west half," &c., " being one
hundred and twenty-seven 50-100 acres; also lots one and two," &c., " being fifty
acres." *Held*, that the words "one equal and undivided one half part" applied only
to the tracts comprised in the four hundred and thirty-seven 50-100 acres.

At the trial of an action for breach of the covenants of seisin and right to convey in a deed
which stated its consideration as a certain sum of money, it appeared that in fact, by an
arrangement between the parties to the deed, the consideration was the conveyance to a
third person of real estate belonging to the grantee, and of personal property belonging
to the grantee's husband, who acted as her agent in the transaction. *Held*, that the
measure of damages was the value of this real and personal property.

CONTRACT by the executor of the will of Milla Aldrich, to
recover for the breach of the covenants of seisin and right to con-
vey in a deed from the defendant to the plaintiff's testatrix of land
in Minnesota. The deed stated its consideration to be $1000 paid
y the plaintiff's testatrix, and the description of the premises
conveyed by it was as follows : " Certain lots or parcels of land,
situated, lying and being in the county of Pine, in the State of
Minnesota, and bounded and described as follows, to wit : The
south half (½) of the southeast quarter (¼) of section No. six (6),
and the northeast quarter (¼) of the northeast quarter of section
No. seven (7), in township forty-one (41), north of range twenty
(20) west, containing one hundred and twenty (120) acres of
,and. Also ten (10) acres and thirty hundredths ($\frac{30}{100}$) of lots No.
six (6) and seven (7), and southwest quarter (¼) of southeas⁺
quarter (¼) of section No. nineteen (19), in township forty (40),
north of range No. nineteen (19) west, being excess in said tract

over the area located in virtue of military land warrant No. 46,218, in favor of Freeman L. Newman." Trial in the Superior Court, before *Bacon*, J., who, after a verdict for the plaintiff, allowed the following bill of exceptions:

" The plaintiff, to prove the breach of the covenants of seisin and right to convey, relied upon a deed from Hiram Rogers, from whom the defendant subsequently, by certain mesne conveyances, derived his title, to Daniel A. Robertson, a copy of which is hereto annexed,* and which was recorded in the county of Pine,

---

* The description of the premises conveyed by this deed was as follows: "All those tracts or parcels of land situate, lying and being in the county of Pine and State of Minnesota, described as follows, to wit: One equal and undivided one-half part of the west half of the southeast quarter, the west half of the northwest quarter, lot one, and northwest quarter of southwest quarter, the east half of southwest quarter and the south half of the northeast quarter, and southeast quarter of northwest quarter of section twenty, town forty, north range nineteen west, being four hundred and thirty-seven $\frac{50}{100}$ acres; also, lots three and four and northeast quarter of northeast quarter, *lots six and seven, and southwest quarter of southeast quarter,* lots eight, nine and ten, and the east half of southwest quarter *of section nineteen, town forty, north range nineteen west,* being four hundred and fifty-one $\frac{70}{100}$ acres; also lots six and seven and northeast quarter of northwest quarter, and the west half of the northeast quarter, and northeast quarter of northeast quarter of section twenty-nine, town forty, north range nineteen west, being two hundred and fifty-four $\frac{40}{100}$ acres; also the west half of northeast quarter, the east half of southeast quarter, southeast quarter of northwest quarter, and northeast quarter of southwest quarter, and northwest quarter of southeast quarter and northeast quarter of northwest quarter, and the east half of northeast half of section thirty, town forty, north range nineteen west, being four hundred acres; also the west half of southeast quarter and northeast quarter of southwest quarter, the south half of southwest quarter of section eighteen, town forty, north range nineteen west, being one hundred and ninety-nine $\frac{12}{100}$ acres; also the east half of southeast quarter and northwest quarter of southeast quarter and northeast half of section ten, town forty, north range nineteen west, being two hundred and eighty acres; *also the south half of southeast quarter of section six and northeast quarter of north quarter of section seven, town forty-one, range twenty west,* being one hundred and twenty acres; also the west half of northwest quarter and west half of southwest quarter of section thirty, town thirty-nine, north range twenty west, being one hundred and twenty-seven $\frac{50}{100}$ acres; also lots one and two of section nineteen, and lot one of section twenty-nine, town forty, north range nineteen west, being fifty acres."

and State of Minnesota, where the land was situated, before the deed was given by Rogers under which, by said mesne conveyances, the defendant derived his title. The defendant asked the judge to instruct the jury that by the true construction of the deed to Robertson, if any part of the premises conveyed by the defendant to the plaintiff's testatrix was included in that deed, that only one equal and undivided half of said premises was so included; but the judge refused so to instruct the jury, and instructed them that the words "one equal and undivided one half part of," contained in the deed, were applicable only to the first described tracts of land in the township first named in the deed, and did not apply to the land which the plaintiff contended was the same land as was described in the deed to his testatrix, and which is indicated by italics in the annexed copy of the deed to Robertson.

"It was proved by evidence not controverted that, by an arrangement made between the plaintiff's testatrix and the defendant, the consideration given for the deed to her was the conveyance to Elbridge G. Cook of the right to redeem certain real estate in the county of Worcester, belonging to the testatrix, and the conveyance to Cook of certain personal property belonging to Paul Aldrich, who was the husband of the testatrix and her agent in the transaction. The plaintiff, for the purpose of proving the amount of damages which he was entitled to recover for the breach of the covenants of seisin and right to convey, offered evidence of the value of said personal property, to which the defendant objected; but the judge admitted it, and ruled that if the jury were satisfied that the covenants of seisin and right to convey were broken by the defendant, the plaintiff would be entitled to recover the value of the property conveyed to Cook, including the value of the personal property.

"The jury returned a verdict for the plaintiff, and the defendant alleged exceptions."

*T. G. Kent*, (*S. A. Burgess* with him,) for the defendant.

*J. S. Abbott*, for the plaintiff.

WELLS, J. We think the construction given, by the court below, to the deed from Rogers to Robertson, was the correct one,

The general phrase applied to the premises is, " All those tracts or parcels of land situate," &c., " described as follows." The first particular· description is of " one equal and undivided one half part" of certain tracts, defined by number of township, range, section and lot, or fraction of section, indicated by points of compass. Then, after a semicolon, the description proceeds, " also, lots three and four," &c.

The fact that the statement of the undivided half interest is contained only in one of the clauses of particular description, and that the whole is preceded with the general phrase, " All those tracts or parcels," indicates that the statement of partial interest was not also applicable to all the tracts contained in the deed ; or, to state it differently, the absence of the qualifying words, in the general terms of the description, indicates that they were not applicable generally to all the tracts.

There is not an exact identity of description of the parcels in controversy, in the two deeds. But the question of identity of the lands was one of fact, to be settled at the trial. We do not find, upon the exceptions, any question of law for our consideration, upon that point.

The only other question relates to the proper measure of damages for breach of the covenant of seisin and right to convey. The general rule is well settled that the measure of damages for breach of this covenant is the consideration paid, or price agreed upon for the conveyance. The actual consideration may be proved for this purpose by parol evidence, even in contradiction to the recital thereof in the deed itself. It does not modify the rule, if the actual consideration was paid in other commodities than money, or even in other real estate. It only requires that the value of such other property be ascertained. Nor does it matter that the consideration is in fact paid or delivered to another person than the grantor ; or that it is itself, before delivery, the property of another than the grantee ; provided it is agreed upon between the grantor and the grantee as the consideration upon which the deed is given. Their contract creates the privity between them in relation to the consideration, and .:onstitutes it as the price of the agreed conveyance. It thereby becomes the

measure of the grantee's loss. In the case of *Byrnes* v. *Rich*, 5 Gray, 518, there was no consideration or price agreed on between the grantor and grantee. So far as that was concerned, each had a separate arrangement with a third party. The deed passed as the result of two different agreements, and was made directly from the grantor to the grantee as a matter of convenience, and not in execution of an agreement between them. Each was a stranger to the consideration by which the other was affected. There being no price agreed upon as between them, the value of the land attempted to be conveyed was resorted to as the proper measure in the absence of any other.

A like exception is made in *Smith* v. *Strong*, 14 Pick. 128, where the actual consideration was incapable of proof.

In the present case there is no reason for departing from the general rule, because the bill of exceptions finds that the consideration was settled by an arrangement between the grantor and grantee. It was only necessary, therefore, to determine its amount by ascertaining the value of the property in which it was rendered or procured to be rendered.                  *Exceptions overruled.*