DAVID R. COOK v. JOHN T. CURTIS.

*Covenant of warranty—Pleading—Ejectment—Notice to covenantor to defend—Damages—Consideration—Evidence.*

1. The declaration in this case is held to be a sufficient declaration in covenant, and specific enough in its allegations to admit the necessary proof to support the plaintiff's action.

2. A notice to a grantor that a suit has been commenced against the grantee by declaration, giving date of service, and attaching a copy of the declaration to such notice, and requesting the grantor to defend the suit under the covenants of warranty in his deed of the premises described in the declaration, giving the date of the deed, is a sufficient notice in writing of the pendency of such suit, and that the grantor is required by the grantee to defend it.

3. Where, at the close of the trial of a suit for breach of covenant of warranty in a deed, the counsel for the defendant moved to strike out the evidence of the plaintiff relative to the service of notice on the defendant to defend the suit by which the plantiff was evicted, on the ground that it was not set up in the declaration, and, in answer to a remark by the court that he did not understand him to question under his own evidence the *fact* of such service, repeated his former objection, and made no claim

of *non-service* on the trial, nor asked to have the question submitted to the jury, the court did not err in not submitting the question of service to the jury.

4. The consideration to be recovered in an action for breach of covenant of warranty is the sum *received* by the defendant for the land, and the recital in the deed is not *conclusive*, but he may show that in *fact* he received a *less* sum.

5. Where a grantor traded the land conveyed to a *third* party for *other* property, who traded it to the grantee for property the value of which was fixed at $800, which sum was named as the consideration in the deed, which by an agreement between the *three* parties, was executed *direct* to such grantee, in the absence of any agreement fixing the value of the property received by the grantor he may show its value, which will form the *real* consideration, but, if such value was agreed upon at the time of the execution of the deed, it will be taken as the real value.

Error to Allegan.  (Arnold, J.)  Argued January 18 and 19, 1888.  Decided March 2, 1888.

Covenant.  Defendant brings error.  Reversed.  The facts are stated in the opinion.

*J. V. Rogers*, for appellant.

*Clement Smith* and *William B. Williams & Son*, for plaintiff.

MORSE, J.  Action for breach of covenant.

On the fourth day of February, 1879, the defendant executed and delivered to plaintiff a warranty deed conveying to him village lot No. 116 and the south half of lot No. 117, in the village of Plainwell, Allegan county, Michigan.  The consideration of the deed was recited therein at the sum of $800.  The covenants were that the parties of the first part were, at the time of the ensealing and delivery of the instrument,—

" Well seized of the above granted premises in fee-simple; that they are free from all incumbrances whatever; and that they will, and their heirs, executors, and administrators shall,

warrant and defend the same against all lawful claims whatsoever."

The declaration averred the execution and delivery of this deed for the consideration therein mentioned, and alleged further that the said premises were not, at that time, free from all incumbrances, and that the said defendant had not warranted and defended the same from all lawful claims whatsoever; that the plaintiff could not by the force of said deed quietly and peaceably possess said real estate; and that the defendant, though often requested so to do, did not defend the title to said premises.

He further avers that, at the time the deed was made, one Horace B. Peck had a valid and subsisting lien upon the premises, by virtue of a levy made thereon on a judgment rendered in the Allegan circuit court in favor of said Peck and against Mary R. Lasher, John H. Lasher, William Forbes, and Job Estes; that defendant's title was derived from said Estes after the levy; that afterwards said premises were sold under execution issued upon said judgment, and purchased by the said Horace B. Peck, and not redeemed by defendant, though he was often requested so to do; that Horace B. Peck, on the first day of November, 1885, evicted the plaintiff by due process of law, and entered upon, and has since held and now holds possession of, the same; by reason whereof the plaintiff has been compelled to pay the costs sustained by the said Peck in prosecuting an action of ejectment for the recovery of said real estate, and $100 expense in defending said suit, and has also been deprived of the real estate.

The defendant pleaded the general issue, and gave notice that he would prove under it—

1. That the levy was void on the ground that said Estes at the time owned and held the premises as a homestead.

2. Plaintiff negligently allowed the premises to be sold at a nominal price, and neglected to redeem the same, and then

negligently allowed himself to be evicted without any defense
to said suit, when there was no legal claim against the promises.

3. That plaintiff made due search, and satisfied himself in
regard to such title, before he purchased of defendant.

4. That the action, or supposed cause of action, did not
accrue at any time within six years from the commencement
of suit.

Suit was commenced February 11, 1886.

Upon a trial upon the issue thus made, before a jury, in
the Allegan circuit court, the plaintiff recovered a judgment
in the sum of $940.27.

The plaintiff, upon the trial, announced that he did not
seek to recover upon the covenant against incumbrances or
the covenant of seizin, but upon the covenant to warrant and
defend against all lawful claims whatsoever.

The plaintiff's claim was that the levy of Peck was a valid
one ; that it had ripened into a title; that the plaintiff had
been evicted from the premises in a suit brought by Peck
against him under such title; that he gave defendant due
notice to come in and defend such suit, and defendant neg-
lected to do so; that he made the best defense he could, but
was beaten, and lost the premises.

There are thirty-one assignments of error in relation to
the introduction of testimony and the remarks of the court
during the trial, and eight are directed against the charge of
the court to the jury.   These assignments need not be all
noticed, as many of them relate to the same subject-matter,
and some of them are of no importance.

The defense of the statute of limitations was based upon
the proposition that, although the declaration purported to
count in covenant, it was in fact a declaration in assumpsit.
The declaration is a sufficient declaration in covenant, and is
specific enough in its allegations to admit the necessary proof
to support the plaintiff's action.

It is claimed that the defendant had no proper notice

served upon him to come in and defend the ejectment suit, and that he was not therefore debarred from contesting the validity of Peck's claim, levy, and other proceedings to obtain his title to the premises.

The suit was brought by Peck against Cook and one Pierson, who was claimed to be a tenant of Cook, and in possession. The files and records of the cause show that declaration was filed May 22, 1885. Copy of the same was served on Pierson May 21, 1885, one day before filing, and the sheriff's return shows that Cook could not be found in the county, and no service was made upon him. Cook, however, appeared in the suit July 21, 1885. It is argued that the service upon Pierson was premature and of no avail, and that the notice, if served at all, being served July 10, 1885, before Cook's appearance was entered, there was in fact no suit commenced at the date of such service.

Clement Smith, the attorney for Cook, testifies that a copy of the declaration was served upon Cook June 22, 1885, and the taxation of costs upon the judgment shows that fees were taxed for the service of the declaration upon Cook. Smith also testified to serving notice upon Curtis at the home of the latter. He swears that he saw Curtis on the tenth day of July, 1885, and told him about the suit between Peck and Cook, and served upon him the following written notice, handing and leaving the same with him:

"To JOHN T. CURTIS,
          "Plainwell, Allegan County, Mich.

"*Sir :* You are hereby notified that Horace B. Peck has commenced a suit against me for the recovery of lot one hundred sixteen, in the village of Plainwell, in Allegan county, Mich., according to the recorded plat of the corporation of the village of Plainwell aforesaid. Said suit was commenced in the circuit court for the county of Allegan, Michigan, by filing a declaration. Service of a copy of said declaration was made on me on the twenty-second day of June last. Attached hereto is a copy of the declaration served upon me. You are requested and urged to defend

said suit under your covenants of warranty in your deed to me of the premises described in said declaration. Said deed bears date Febr'y 4, 1879.		Yours, etc.,

> "DAVID R. COOK,
> "Hastings, Mich."

To which notice was attached a copy of the declaration in the case of *Peck v. Cook and Pierson.* Mr. Curtis, the defendant, testified that he remembered Mr. Smith's coming to his house, and having some papers with him, which he showed to witness. Could not say whether this notice, or a copy of it, was shown him or not. Did not recollect of Smith serving any papers upon him, or leaving any with him. To his best recollection he did not do so, and, if he had, the defendant would have laid them away with his other papers. Witness had no such notice in his possession, or among his papers.

Upon cross-examination he further said:

"I don't swear positively that you did or did not. I have no such paper, and I could not find any. I have no recollection of your leaving any such papers. If you did, I have not got them."

The only objection made to the admission of the service of this notice was that it was immaterial and irrelevant, and could not be admitted under the pleadings, and that, as no suit had been commenced, the notice would not bind Curtis to defend.

If the notice was served upon him with a copy of the declaration, as testified to by Smith, we think that he had sufficient and substantial notice in writing of the pendency of the suit, and that he was required by Cook to defend it.

It is further objected that the court took it for granted that the service of notice was made, and excluded the defendant's offered proofs tending to establish that the claim and levy of Peck was not lawful as against lot 116, which was claimed to be the homestead of one Estes at the time

the levy was made. Lot 116 was the only one involved in the ejectment suit.

Defendant claimed that he was entitled to attack the validity of Peck's proceedings to acquire title to this lot if no notice was served; and his counsel argues in this Court that the question of service should have been submitted to the jury, and his proposed testimony received, to be acted upon by the jury in case they found no notice served. But the court, treating the notice as a proper one, and as having been actually served upon Curtis, instructed the jury to find for the plaintiff, leaving to their consideration only the amount of damages.

Against this argument of the defendant the plaintiff's counsel raise the point that defendant's counsel, on the trial in the court below, impliedly admitted the service of the notice, as testified to by Smith, and raised no objection at any time to any want of proof to establish such service; nor did he at any time dispute the service.

The record shows that, at the close of the testimony, defendant's counsel moved to strike out the evidence relative to the serve of this notice, on the ground that it was not set up in the declaration. In the course of same remarks upon the motion, the court said:

" I do not understand you to make any question under your evidence but what it was served upon him."

Defendant's counsel replied:

" I make a motion to strike out the evidence in relation to the service from the fact that no notice is set up in the declaration. The declaration is not broad enough to receive evidence of that kind of a notice."

I have searched in vain in the record to find any claim made by defendant's counsel on the trial that this notice was not served upon his client, or that he desired the question of service to be submitted to the jury. And his answer to the query of the trial judge was such as to give him naturally to

understand that he made no question of the truth of Smith's testimony as to the service. His objections to this notice all the way through the trial were aimed at its admissibility under the pleadings. Upon this matter the court ruled correctly.

The defendant's counsel claims that, as to the matter of damages, he was not permitted to show the true consideration of the deed,—that it was less than the recital of $800.

It appears from the evidence that the consideration of the deed did not move directly from Cook to Curtis. The lots were sold by Curtis to one Cressy, who traded them to Cook for other property. By an agreement between the three Curtis deeded direct to Cook. The property that Cook let Cressy have was called $800, and that was called the amount of the consideration, and was so recited in the deed from Curtis to Cook.

The defendant's counsel, upon the cross-examination of Mr. Cook, was seeking to show this trade, and that the lots were paid for by Cressy, and that Cook did not pay anything to Curtis, but that he turned out property to Cressy for them.

*Mr. Williams* (plaintiff's counsel). " I object to how he paid it."

*The Court.* " I should be inclined to think the transaction might be shown. The deed is not conclusive as to the consideration."

*Mr. Rogers* (defendant's counsel). " I propose to show there was no money consideration; that it was in a trade, and he is sued here for a consideration of $800 ; that it was a trade, and no value was placed on the property at the time."

*The Court.* " That would not have any tendency to show that it was less than eight hundred dollars."

*Mr. Rogers.* " I propose to follow it up, and show that the value he received for it was not eight hundred dollars, or near eight hundred dollars."

*Mr. Williams.* " You have just stated it was a trade, and that you propose to show that he did not receive eight hundred dollars. That don't matter. That won't affect the con-

sideration. If he took it for eight hundred dollars, that is the point; not what Mr. Curtis got for the property that he received."

*Mr. Rogers.* "This man made a trade with Mr. Cressy in the first instance, and whatever Mr. Cressy allowed him for this property, or he allowed Mr. Cressy for it, has nothing to do with us. We never received anything from this man at all, in no way, shape, or manner."

*The Court.* "If that is the point, I will sustain your objection."

*Mr. Rogers.* "We take an exception. We propose to show it as bearing upon the consideration, and that, instead of deeding the property to Mr. Cressy, it was deeded to this man at Mr. Cressy's request."

This action of the court was error. The consideration to be recovered of the defendant was what he received for the land, not what plaintiff may have paid Cressy. The recital in the deed of the amount of the consideration was not conclusive upon the defendant. He was at liberty to show that in fact he received a less sum. It is apparent that he was not permitted to do so. The defendant offered to show that, at the time of the execution of the deed, no value was placed upon the property received by defendant from Cressy in payment for the land. If that was so, he was entitled to show the value of the property, and such value would form the real consideration. If, however, the value of the property so received for the land was agreed upon between the parties at the time, the general rule seems to be that such agreed value must be taken as the actual value. The defendant should have been allowed to establish, if he could, his claim that no value was put upon the property at the time, and that it was worth less than $800.

For the want of this opportunity a new trial must be granted, and the judgment below reversed, with costs. I find no other error in the rulings of the trial court.

The other Justices concurred.