WIGGINS v. STEPHENS. (No. 1089.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 27, 1916. On Motion for Rehearing, Jan. 31, 1917.)

1. COVENANTS &⚏130(4)—BREACH OF COVENANT OF WARRANTY OF TITLE—MEASURE OF DAMAGES.

Between the immediate parties the proper measure of damages for breach of a covenant of general warranty of title in an executed contract for the sale of realty is the purchase money paid, with interest, where there has been a total failure of title and the purchaser has lost the land.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 249, 250; Dec. Dig. &⚏130(4).]

2. COVENANTS &⚏130(7)—BREACH OF WARRANTY OF TITLE—MEASURE OF DAMAGES—EXCHANGE.

In the case of an exchange of lands, the measure of damages for breach of a covenant of general warranty of title is the market value of the land conveyed to purchase that of the warrantor.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 252; Dec. Dig. &⚏130(7).]

### On Motion for Rehearing.

3. COVENANTS &⚏130(5) — BREACH OF WARRANTY OF TITLE—PARTIAL FAILURE OF TITLE.

Where there is only a partial failure of title in violation of a general warranty thereof, the value of the land lost to the warrantee must be ascertained as the measure of damages in the absence of an agreed value.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 253; Dec. Dig. &⚏130(5).]

Appeal from District Court, Deaf Smith County; Wm. M. Knight, Special Judge.

Action by A. L. Wiggins against H. B. Stephens. From a judgment for defendant, plaintiff appeals. Judgment affirmed.

Jno. W. Veale, of Amarillo, for appellant. W. H. Russell, of Hereford, for appellee.

HENDRICKS, J. The appellant Wiggins was the owner of 160 acres of land in Deaf Smith county, and conveyed the same to the appellee Stephens by general warranty deed; the real consideration being the exchange and conveyance by appellee, also by a general warranty deed, of 100 acres of land in Tennessee. It is undisputed that the transaction was a mere exchange of the two tracts of land, and that no other considera-

tion was paid by either party; that no value was agreed upon by the parties as to either of the tracts of land at the time of the trade, and there was no fraud in the trade. The appellant Wiggins sued the appellee Stephens on the warranty, alleging that the Tennessee grant did not in fact exist at the date of the trial nor at any date anterior thereto, having been covered by senior and superior surveys. Wiggins alleged his damages in the sum of $2,500, as the reasonable market value of the land if the grant had existed with a merchantable title.

The case was tried by the court without the aid of a jury. It was found as a fact by the trial judge that the plaintiff obtained no title to the land in Tennessee, and that the land described in the deed to plaintiff would have been worth, with a title, the sum of $1,500. He further found, however, that the measure of damage, if any, sustained by appellant, was the value of the land transferred by him to appellee; and having found that appellant, at the time he conveyed the land in Deaf Smith county, after deducting a prior mortgage and taxes charged on the land, had no equity in the Deaf Smith county land, judgment was rendered for appellee.

The challenge to the court's action is well expressed in appellant's first assignment of error, as follows:

"The court erred in his conclusion of law in holding that plaintiff's measure of damage was the value of the property conveyed by plaintiff to defendant; the true rule where the exchange of lands is had, under deeds with covenants of general warranty, title having failed, in the absence of any agreed value, and in the absence of fraud or deceit, or misrepresentations, the measure of damages is the reasonable market value of the land conveyed, to which defendant had no title."

We are unable to find any decision by any of the courts in this state directly upon the point, unless, as urged by appellant, the case of White v. Street, 67 Tex. 177, 2 S. W. 529, bears upon the issue.

[1] It is the settled rule that, between the immediate parties, the proper measure of damages for breach of a covenant of general warranty of title, in an executed contract for the sale of real estate, is the purchase money paid, with interest, where there has been a total failure of title and the purchaser has lost the land. This rule prevails as an arbitrary one in the condition stated, without reference to the value of the land at the time of the breach or at any other time. Turner v. Miller, 42 Tex. 420, 19 Am. Rep. 47; Hynes v. Packard, 92 Tex. 49, 45 S. W. 562; Hollingsworth v. Mexia, 14 Tex. Civ. App. 363, 37 S. W. 455, and authorities cited. The same rule is usually applied in cases of breach of executory contracts to sell land unless there is an element of fraud, or willful refusal to convey. Roberts & Corley v. McFadden et al., 32 Tex. Civ. App. 54, 55, 74 S. W. 105 (writ of error refused).

It is said that the vendor should not be burdened with the responsibility for unknowable consequences, which may proceed from his sale, but should be able to contemplate in advance the measure of his liability. Roberts v. McFadden, 32 Tex. Civ. App. 47, 54, 55, 74 S. W. 105. It is also said that this rule of fixing the value as the damages by the price agreed upon is fortified by the argument that it enables both parties at the time of their contract to know the liability which might arise upon the covenant, and does not leave the vendor of the land subject to unforeseen damages which might result from sudden depreciation of property or cost of improvements made by subsequent possessors. "It is confessedly not based entirely upon the idea of compensation for the loss sustained by the person evicted for it excludes a recovery for the value of the land at the time of eviction further than that may be compensated by restoration of the price received by the vendor." Hollingsworth v. Mexia, 14 Tex. Civ. App. 367, 37 S. W. 455.

Justice Williams also said:

"As pointed out in Lowrance v. Robertson, 10 S. C. 8, what has been lost is the land itself, and the covenant, as interpreted by the rule of damages referred to is to restore in place of the land what the covenantor has received for it. The actual loss of the person evicted, the value of the land, may be more or less than this, but the liability of the warrantor is not varied by the fact." Same case, supra, 14 Tex. Civ. App. 368, 37 S. W. 455.

In a case of a breach of a covenant of seisin, where the claim was made that the increase in the value of the land was recoverable, Justice Livingston of New York said:

"The safest general rule in all actions on contract is to limit the recovery as much as possible to an indemnity for the actual injury sustained, without regard to the profits, which the plaintiff has failed to make, unless it shall clearly appear, from the agreement, that the acquisition of certain profits depended on the defendant's punctual performance, and that he had assumed to make good such a loss also." Staats v. Ten Eyck, 3 Caines (N. Y.) 111, 2 Am. Dec. 254.

Chief Justice Kent, in following Justice Livingston in rejecting the value of improvements at the time of eviction, in a case of a breach of a covenant of seisin, also said:

"The seller and the purchaser are equally interested in having the rule fixed. I agree that the contract is to be construed according to the intention of the parties; but I consider that the intention of the covenant of seisin, as uniformly expounded in the English law, is only to indemnify the grantee for the consideration paid; * * * and all the reasons of policy which prevent the extension of the covenant to the increased value of the land, apply equally, if not more strongly, to prevent its extension to improvements made by the purchaser." Pitcher v. Livingston, 4 Johns. (N. Y.) pp. 1–17, 4 Am. Dec. 229.

The appellant may suggest that such conditions producing the general rule stated, do not apply to the instant case, for the reason that this is not a case that could contemplate the value of increased profit or subse-

quent improvements laid at the time of eviction, where a covenant of seisin is broken; that his measure of damages only contemplates the value of what he should have obtained in presenti lost to the plaintiff.

And it may be further said, with considerable technical logic behind the argument, that the very cases cited by us recognize the rule that, at least, the desideratum is the value of the land lost, and in the case of the recovery of the price paid it is merely an agreed value of the land, and underlying this formula the contract is to restore that which is lost by the failure of the title; and where the value is not agreed upon in the case of a mere exchange of lands—simply one tract traded for another—you have no logical right to force the value of the consideration, that is the warrantee's land that purchased the warrantor's, as the measure of damages of the land lost.

The case of Booker v. Bell, by the Supreme Court of Kentucky, 3 Bibb, 173, 6 Am. Dec. 641, in commenting upon the rule that the consideration paid with interest is the measure of damages for a breach of covenant of warranty, uses this language:

"That there should be some rule upon this subject is manifest, and we know of none less liable to objection or better calculated to attain the ends of justice, than the one which has been established. The principle upon which the rule is founded is, that the purchase money and interest is the actual gain made by the one, and the actual loss sustained by the other; whereas if the amount to be recovered was to be more or less, according to the rise or the depression of the price of lands, the inevitable result would be to enrich the one, to the prejudice of the other, contrary to the maxim both of civil and common law, that nemo debet locupletari aliena jactura."

Though the price paid by the warrantee to the warrantor has a seeming advantage of an agreement for the value of the land lost where the title has failed, however, in analyzing the underlying reasons and actuating considerations we find upon a review of the authorities that: First, a safe and certain rule should be a criterion; second, the loss to the warrantee on account of the breach of the warranty; third, the lack of fluctuations of gain or loss either to the vendor or the vendee in the event of restitution—are the elements of the genesis of the rule.

[2] As a matter of policy, would appellant's rule, as a general rule, be a safe rule, and as fair a one to both vendor and vendee, under all conditions, in cases of exchange, as the one applied by the trial court—that is, to measure the warrantee's damages by the value of the property which bought the warrantor's land, whether agreed upon or not? In reality, as a last analysis, appellant is contending for the value of his bargain in this particular instance. It is certain that if he had paid $600 cash for the land in Tennessee, and the same had been worth $1,500, he would not be entitled to his bargain; the law has fixed the measure by the consideration paid as an arbitrary rule, because a safe one. If he had paid $1,500 for the Tennessee property and the same was worth only $600, neither would be entitled to suffer the loss. In the last illustration it is fair that his warrantor should not keep the gain or the difference, by confining his warrantee to the value of the land with bad title. He should not shoulder the loss upon his warrantee by keeping such difference. Hence, if the price paid, by the general rule previously stated as a fixed and arbitrary rule, is a just rule, for what reasons of public policy should the measure of damages be reversed and give the warrantee the value of the land lost instead of restoring to him the value of the property which furnished the consideration, where the parties have not agreed upon the value of the two tracts in exchange? If the land received in exchange by the warrantor is of more market value than the land attempted to be conveyed by him to his warrantee, to make such warrantor restore the actual consideration (the value of such land retained by him) would be just. As a matter of equitable import, whether you measure that consideration by the price paid, or the agreed or market value of the property, we think the rule should be the same. In either instance, the warrantor never had any title, and where his land is of less value than that of the warrantee he is out nothing; in cases of exchange he pays the warrantee for the land received by him, and which he retains, by either the market value or the agreed value, as, similarly, where the warrantee pays in actual money. On the other hand, if the warrantor attempts to convey land, without title, of considerable more value than the land received by him from his warrantee, to make him pay the difference in value, by paying the full value of the land lost, is a burden. In the one case the warrantor, whose defective title makes him respond in damages, if his land exchanged is of less value than the land received by him, the warrantee does not suffer and receives the value of the property he has parted with and which is retained by the warrantor. In the other case, if the land, to which the title has failed, is of greater value, the warrantor does not suffer if he retains the warrantee's land with a good title and pays for it. By appellant's rule there is chance for loss to both parties. The warrantee may or may not be indemnified—he will gain or lose, or be reasonably and equitably compensated, according to conditions; he would be equally compensated only in cases where the lands exchanged happen to be of equal value. The warrantor by the other rule will neither gain nor lose, but simply pay for the land he keeps, whether it was agreed value or market value. Also by appellant's rule, in cases where the warrantor's land is of less value than the warrantee's you would violate the fundamental rule that the loss to

the injured party is the just rule of compensation.

Though the able courts of this country, in adopting the price paid as the measure of value of the land lost, had the advantage, in that character of case, in that the same was agreed upon between the parties, however, the reasons for the adoption of that rule reach deeper, as a matter of public policy under all conditions and for all purposes, in the affairs and transactions of men. If the same reasons which inherently gave birth to that rule, as a matter of public policy, are in reality applicable to the present condition, then the market value of the warrantee's land purchasing that of the warrantor should be the measure, for such reasons are persuasive of an extension of the same rule in another form to the present condition.

Sedgwick on Damages (9th Ed.) vol. 3, presents the following cases for and against the rule contended for, where an exchange of property was involved: Cases holding the value of the land conveyed by the plaintiff as the measure of damages, Looney v. Reeves, 5 Kan. App. 279, 48 Pac. 606; Cook v. Curtis, 68 Mich. 611, 36 N. W. 692; Burke, v. Beveridge, 15 Minn. 205 (Gil. 160); Evans v. Fulton, 134 Mo. 653, 36 S. W. 230; Howard v. Hurst, 156 Mo. App. 205, 137 S. W. 1; Mayer v. Wooten, 46 Tex. Civ. App. 327, 102 S. W. 423. The cases cited as presenting the value of the land to which the title failed as the measure of damages, Donlan v. Evans, 40 Minn. 501, 42 N. W. 472; Holmes v. Seaman, 72 Neb. 300, 100 N. W. 417, 101 N. W. 1030; White v. Street, 67 Tex. 177, 2 S. W. 529. In addition to the class of cases first cited by Sedgwick, on the point that the value of the warrantee's land traded to the warrantor is the criterion, we further cite the cases of Hodges v. Thayer, 110 Mass. 286, and Lacey v. Marnan, 37 Ind. 168, 171. We will not analyze the different opinions cited by Sedgwick, but we do not think that all of the cases cited on each side of the controversy are wholly on the point.

The case of Hodges v. Thayer, supra, by the Massachusetts court, when properly weighed, is, we think, quite persuasive of the question. It was an action for breach of the covenants of seisin and right to convey. The deed stated the consideration as a certain sum of money. The consideration, in fact, was the conveyance by the warrantee to a third person of real estate belonging to said warrantee (a married woman) and of personal property belonging to her husband. It was held that the measure of damages was the value of this real and personal property.

After stating the general rule that the measure of damages for breach of the covenants was the consideration paid, or price agreed upon, for the conveyance, it was said:

"It does not modify the rule if the actual consideration was paid in other commodities than money, or even in other real estate. It only requires that the value of such other property be ascertained."

On superficial reading, it may be thought that the case was one of agreed value in exchange. On a more careful reading, we think that the real point was as stated.

It is true that in Massachusetts, without citing the cases, on a breach of a covenant of warranty, for technical reasons "harking" back to the common law, the warrantee recovers the value of the land lost, at the time of eviction, even to the extent of improvements. However, on covenants of seisin, and right to convey, the rule is measured by the price paid, with interest.

The case of White v. Street, 67 Tex. 178, 2 S. W. 529, seriously relied upon by the appellant, as an authority for his rule, we do not think has the full force of application contended for. The plaintiff transferred 160 acres of land and a $100 note (thereafter paid) to defendant, in exchange for certain property in Cleburne and 63 acres of land. The title to the 63 acres failed. The plaintiff asserted an agreed value of $500 for the 63 acres and $400 for the Cleburne property, equalling the agreed value of the 160 acres of land and the $100 note given by him. The defendant denied any agreed valuation, and Justice Stayton held that the plaintiff was either entitled to the agreed valuation of the 63 acres lost, or the true value, in the event there was no agreement. Our only concern is to state the case as we understand the facts to show, as we think, the conditions are not the same. Justice Stayton, however, did state, in speaking of the evidence of the defendant:

"His own evidence shows that a consideration was paid to him for the 63 acres; and for that, at least, with interest on it, he was liable upon his warranty."

This case to us is and has been upon a previous consideration difficult of understanding in the event there was no agreed value to any of the tracts. This difficulty is probably our fault and not that of Justice Stayton. However, we do not believe the case is applicable to the facts ruled upon in this record.

The case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, by Chief Justice Gaines, cited by appellee, is one where the defendant represented the existence of a flowing well on the land traded by him to the plaintiff, which the jury found to be untrue. The trial court held that the difference between the value of the property in the condition as it actually existed, received by the plaintiff in exchange, and its value if it had been as represented, was the measure of damages. The Supreme Court held that the difference between the value of the property as actually existent received by plaintiff and the value of the property traded by plaintiff to defendant in exchange was the measure,

and not what plaintiff would have gained if the gusher had been on the land. The value of this case as an authority is to the extent that the real loss to the plaintiff should be the measure, and not the gain or difference, between the actual value of the land as it actually existed and its value if the land had, been as represented. There was considerable difference in dollars per acre measured by the difference between the values with a flowing well on and off the land; but the court said what Hesse "lost by the transaction is the measure of his damages."

Judgment affirmed.

### On Motion for Rehearing.

HUFF, C. J. The appellant contends that the case of White v. Street, 67 Tex. 177, 2 S. W. 529, announces the rule that the value of the land lost is the measure of damages upon the breach of the covenant of warranty. It should be noted in that case there was only a failure of title to one tract of land conveyed and received in exchange of other land. There was not an entire loss or total breach; hence the value of the part lost should be ascertained in order to get the basis for the damages sustained. If the value of the tract lost was not agreed upon by the parties, then its value at the time of the conveyance. In this case the entire tract conveyed was lost, and hence a total breach of the covenant, and, as interpreted by our courts, the covenant required a return, in place of the land, what was paid for it. If nothing was paid, then there was nothing to restore, except, perhaps, nominal damages. In Hodges v. Thayer, 110 Mass. 286, it is said:

"The only other question relates to the proper measure of damages for the breach of the covenant of seisin and right to convey. The general rule is well settled that the measure of damages for breach of this covenant is the consideration paid, or price agreed upon for the conveyance. * * * It does not modify the rule, if the actual consideration was paid in other commodities than money, or even other real estate. It only requires that the value of such other property be ascertained."

"If the amount of the consideration is not expressly agreed upon and has been paid in property, it would follow that the value of that property should be adopted as the basis of damages on a breach of the covenant of warranty, if the consideration is adopted as the criterion (which, as has been pointed out, is the basis of damages in this state), as we have seen in the case in assessing damages for breach of the covenant of seisin and power to convey." 2 Suth. on Damages, §§ 594, 606.

In McGuffey v. Humes, 85 Tenn. 26, 1 S. W. 506, the Supreme Court of Tennessee states the rule as follows:

"But under the rule as to the measure of damages, as we understand it, the value of the land cannot be looked to where the parties have agreed upon the value of the personal property constituting the consideration for the land, or where the actual value of the consideration can be ascertained from the proof. If neither of these measures can be applied for the want of

proof, then the actual value of the land at the time of the purchase will be taken as the measure of damages, with interest."

7 R. C. L. "Covenants," § 93, p. 1174, states the rule:

"If the consideration of the deed be land, by way of exchange, the value of that land at the time of the deed, with interest, will be the measure of damages." Cummins v. Kennedy, 3 Litt. (Ky.) 118, 14 Am. Dec. 45.

In Mayer v. Wooten, 46 Tex. Civ. App. 327, 102 S. W. 425, the rule is stated:

"If the consideration is not paid in money, but in other property, the value of the property given is the measure of damages, and parol evidence is admissible to show such value. Jones, Real Prop. & Cov. §§ 948, 949."

[3] The rule that where there is a total failure of title that the consideration is the measure of damages is established beyond question in this state, but where there is only a partial failure, as in White v. Street, the value of the land lost must be ascertained in the absence of an agreed value. This rule is again recognized by the Supreme Court in Hynes v. Packard, 92 Tex. 49, 45 S. W. 562, with only the added rule by the court for establishing the proportional amount of the consideration recoverable on account of the loss. These cases do not change, or purport to change, the rule of damage upon total breach. The consideration paid, whether it be money or property, represents the land purchased, and. hence the consideration, with interest, is recoverable as the measure of the damages for the breach.

The motion will be overruled.

BOYCE, J., not sitting.