FARMERS' & MERCHANTS' STATE BANK & TRUST CO. et al. v. COLE et al.
(No. 704.)

(Court of Civil Appeals of Texas. El Paso. May 24, 1917.)

1. COVENANTS ⬅130(4)—FAILURE OF TITLE—MEASURE OF DAMAGES.

Between the immediate parties, the proper measure of damages for breach of general warranty, in an executed contract for the sale of real estate, is the purchase money paid, with interest, where there has been a total failure of title, and the purchaser has lost the land.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 249, 250.]

2. COVENANTS ⬅130(5)—FAILURE OF TITLE—MEASURE OF DAMAGES.

In case of partial loss, the rule has been modified so as to allow a recovery of only such proportion of the consideration paid as the amount of the loss bears to the whole of it.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 253.]

3. COVENANTS ⬅116—REMEDY OF VENDEE—FAILURE OF TITLE—PLEADING—VARIANCE.

Where the vendee sued to rescind and recover damages, alleging that the price of the land was $3,500 and certain notes, and setting up failure of title to a portion of the land, whereas the consideration was the notes and land alleged to be worth $3,500, it was error to permit testimony that the value of the land was $3,500, and the petition should have alleged that land and not money was the consideration.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 209, 210.]

4. BANKS AND BANKING ⬅116(4)—NOTICE—ACTS OF CORPORATE OFFICERS.

Where a bank warranted title and took notes for the price, and two of its officers knew that the title had failed, and thereafter on a reorganization became officers of a new bank, which took over the assets of the vendor bank, the new bank was not an innocent purchaser.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 285.]

Appeal from District Court, Nolan County; W. W. Beall, Judge.

Action by Mary H. Cole and others against the Farmers' & Merchants' State Bank & Trust Company and another. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Ed. J. Hamner, of Sweetwater, for appellants. Beall & Douthit, of Sweetwater, for appellees.

WALTHALL, J. This suit was brought by appellees Mary H. Cole, joined by her husband, J. E. Cole, and Rosa E. Sneed, joined by her husband, Sam Sneed, against appellants Farmers' & Merchants' State Bank &

Trust Company, and hereinafter referred to as the F. & M. Bank, and the Continental State Bank, for a rescission of a contract by deed, alleging that in November, 1911, the F. & M. Bank represented to appellees that it had a good and merchantable title to the west half and the southeast quarter of survey No. 32, in block No. Z., T. & P. Ry. Co. Survey, in Nolan county; that upon said representations and warranty of title, appellees on the 7th day of November, 1911, purchased said land for a consideration of $10 per acre, and in the aggregate $4,800, paying therefor $3,500 cash and executed and delivered to said F. & M. Bank their ten promissory vendor's lien notes each for the sum of $130, bearing interest from date and payable to the order of said F. & M. Bank, the first of said notes payable on the 1st of January, 1913, and one each year thereafter to the maturity of said notes. It was alleged that the title to 200 acres of said land had failed, alleged damages, and prayed for a rescission as against the F. & M. Bank, for damages; that they have a lien against the remaining 280 acres and foreclosure of the lien; that the F. & M. Bank being insolvent, it entered into a contract with appellee Continental Bank, making said Continental Bank its liquidating agent and delivering to it all of its assets including the notes involved in this controversy; that the Continental Bank took said notes with full knowledge of the failure of consideration, and paid no consideration for same, the liquidation to continue for two years, at which time the assets of the F. & M. Bank to be turned back to the F. & M. Bank; prayed for a cancellation of said notes as against both banks and in the alternative for the value of said notes. The F. & M. Bank answered by various demurrers and general denial.

The Continental Bank answered, alleging ownership of the notes as a purchaser for value, before maturity, without notice, prayed for judgment against appellees for the amount of the principal of said notes, interest and attorney's fees and foreclosure of the vendor's lien.

A trial to a jury on special issues resulted in a verdict, on which judgment was rendered for appellees against the F. & M. Bank for the sum of $4,278.92 damages and a cancellation of said notes as against both appellants.

Appellants' first ground of error is as follows:

"The court erred in admitting in evidence the testimony of the witness J. E. Cole over the objection of the defendants, made thereto at the time same was offered, as will more fully appear from defendant's bill of exceptions Nos. 1 and 3."

The proposition under the assignment is that, where plaintiffs allege in the petition that the consideration paid for land, the title to which has failed, was $3,500 cash, and that such consideration is the basis of the recovery sought, evidence that the consideration was an exchange of lands, the property of plaintiffs taken in exchange being esti-

mated in the trade at $3,500, is inadmissible and subject to the objection that it is in variance to the allegations in the pleadings and contrary to them.

The petition alleges that the consideration paid by appellees for the land was $3,500 cash, and the execution and delivery to the bank of their ten certain promissory notes. Over appellee's objection on the ground of variance, appellees were permitted to prove by the witness Cole that appellees paid no cash as the consideration for the land, but gave in exchange therefor certain real estate in the town of Sweetwater at the agreed price of $3,500, and the ten promissory notes.

[1, 2] It is the settled rule in this state that, between the immediate parties, the proper measure of damages for breach of a covenant of general warranty of title, in an executed contract for the sale of real estate, is the purchase money paid, with interest, where there has been a total failure of title, and the purchaser, by reason thereof, has lost the land. Turner v. Miller, 42 Tex. 418, 19 Am. Rep. 47; Hynes v. Packard, 92 Tex. 49, 45 S. W. 562; Hollingsworth v. Mexia, 14 Tex. Civ. App. 363, 37 S. W. 455; Wiggins v. Stephens, 191 S. W. 777. This rule applies perfectly in only those cases where there is a total loss and eviction, and in cases of partial loss the rule has been modified so as to allow a recovery of only such proportion of the consideration paid as the amount of the loss bears to the whole of it. Hollingsworth v. Mexia, supra. In Wiggins v. Stephens, supra, the court said:

"The very cases cited by us recognize the rule that, at least, the desideratum is the value of the land lost, and in the case of the recovery of the price paid it is merely an agreed value of the land, and underlying this formula the contract is to restore that which is lost by the failure of the title; and where the value is not agreed upon in the case of a mere exchange of lands—simply one tract traded for another— you have no logical right to force the value of the consideration, that is the warrantee's land that purchased the warrantor's, as the measure of the damages of the land lost."

In Mayer v. Wooten, 46 Tex. Civ. App. 327, 102 S. W. 425, it is said:

"If the consideration is not paid in money, but in other property, the value of the property given is the measure of damages, and parol evidence is admissible to show such value."

[3] In passing upon this assignment, we might have contented ourselves by simply referring to Able v. Lee, 6 Tex. 431, and Hamburg v. Wood, 66 Tex. 175, 18 S. W. 623, as sustaining appellants' contention, but we have referred to the above cases only for the purpose of showing the necessity, in a suit of this character, of alleging the true consideration paid by the appellees for the land, the title to which has failed in part. If the consideration paid was cash as alleged, appellees' recovery would be in cash in such proportion of the consideration paid as the amount of the loss bears to the whole of it. Where the consideration is an exchange of land for land, the value of the property given

by appellees in exchange would be the basis of value from which the proportion of loss is to be estimated. It seems to us essential that the petition in this case should allege the real consideration given for the land and its value, or its agreed value, if the parties agreed on the value, at the time the trade was made, and that the proof correspond with the allegation, in order that the rule for the measure of damages can be properly applied. The assignment is sustained.

Under the second assignment, it is insisted that where the only evidence adduced was that the appellees agreed to pay $10 per acre for the land sold, if the bank would take a vacant lot at $3,500 and the only cash paid on the purchase of the land was the principal of the first note ($130) and the interest on the notes to January 1, 1913, a finding of the jury that the contract price was $4,800 cash is contrary to the law and the evidence. What we have said in discussing the first assignment is sufficient to indicate our view. We believe that the verdict of the jury is subject to the criticism made in the assignment and the proposition thereunder. The assignment is sustained.

Appellants' third assignment claims error in the jury's finding that, at the time the Continental Bank took over the assets of the F. & M. Bank, including nine notes in question, the Continental Bank had notice of the defenses of appellees set up against the notes. The propositions presented are: First, the holder of notes transferred before maturity is presumed to have purchased without notice of any vice therein; and, second, the fact that an officer of one corporation to whom a note is given is also an officer in another corporation to whom said note is transferred does not impute to the transferee notice of any vice in the note, and make it other than a bona fide holder, though the transferring officer has notice of the vice in the note. On the issue on which the jury's finding was made, the court instructed the jury as follows:

"In answering the foregoing special issue, you are charged that on the 17th day of November, 1913, the board of directors of the F. & M. State Bank & Trust Company of Sweetwater, Tex., in which A. B. Yantis acted as chairman, and S. W. Crutcher as a director therein, passed a resolution authorizing said A. B. Yantis as president of said F. & M. Bank, or in his absence, S. L. Crutcher, as vice president thereof to execute for and on behalf of the said F. & M. Bank the contract and bond in evidence before you, and to perform on behalf of said Bank & Trust Company the things necessary to carry out said contract and agreement. On the same day at a called meeting of the directors of the Continental State Bank of Sweetwater, Tex., in which A. B. Yantis participated, a resolution was passed upon the motion of said A. B. Yantis, authorizing the president, J. G. Wilkinson, to sign the contract in evidence before you, between the F. & M. Bank and the Continental State Bank, and said contract is made a part of said proceedings. Now, therefore, if you find and believe from the evidence that at the time the resolution above referred to was passed by the F. & M. Bank, and at the time said resolution was passed by the Continental State Bank of Sweetwater, Tex., that A. B. Yantis then knew and had in mind the defenses against said notes which plaintiffs had set up in the suit filed by them on the 10th day of November, 1913, to cancel the nine notes sued on by the Continental State Bank of Sweetwater, Tex., herein, and if you further believe from the evidence that in the transfer of the notes in question, together with the other assets of said F. & M. Bank & Trust Company, to the Continental State Bank, the said A. B. Yantis was acting for and on behalf of both parties in conjunction with other officers of the Continental State Bank, then and in that event you are charged that the Continental State Bank had full notice of the defenses to said nine notes set up by plaintiffs herein; and if you so find, you will answer the foregoing special issue in the affirmative."

[4] The assignment is not directed against the charge, but to the finding of the jury on the fact submitted. The contention is that the evidence does not show that any officer or director of the Continental State Bank had any knowledge whatever of the failure of consideration of the notes except Yantis and Crutcher, and that such knowledge came to them as officers of the F. & M. Bank, and that in the negotiations between the two banks Yantis and Crutcher were acting for the F. & M. Bank. We think that the contention of the appellants is not sustained by the record. The facts are made to appear by the record that the Continental State Bank was organized upon the failure or inability of the F. & M. Bank to further carry on its banking business; that two of the principal officers of the F. & M. Bank, Yantis and Crutcher, became executive officers of the Continental State Bank on its organization, and that the notes in controversy were at that time in the hands of Yantis and Crutcher with full knowledge of all of the facts and circumstances in connection with the taking of said notes and the failure of the title to the 200 acres of land for which, in part, the notes were given, the Continental State Bank in taking over said notes paid no consideration for them, and took them, with other assets of the defunct F. & M. Bank, for the purpose of liquidating the obligations of the F. & M. Bank. The Continental State Bank, in our opinion, is in no sense purchasers of the notes for value, and in taking over the notes it did so with full knowledge and notice of the defenses against them, and for the sole purpose of liquidating the obligations of the F. & M. Bank, and took a bond guaranteeing it against any liabilities assumed in its undertaking. In our opinion the finding of the jury is well sustained by the evidence. The assignment is overruled.

For reasons stated, the case is reversed and remanded.